IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MOKULEIA PRESERVATION PARTNERS, L.L.C.; MALANI, INC. and MOKULEIA POLO FARMS, L.L.C., <br><br> Plaintiffs, <br><br> vs. <br><br> WESTERN UNITED LIFE ASSURANCE COMPANY, <br><br> Defendant. | CIVIL NO. 04-00283 DAE BMK <br><br> MEMORANDUM IN SUPPORT OF MOTION TO DISMISS *IN REM* CLAIMS AND FOR EXPUNGEMENT OF NOTICE OF PENDENCY OF ACTION |

### MEMORANDUM IN SUPPORT OF MOTION

I.   INTRODUCTION

Defendant WESTERN UNITED LIFE ASSURANCE COMPANY ("WULA") is a Washington insurance company that was placed in Receivership on March 2, 2004, pursuant to an Order entered by the Thurston County Superior Court of the State of Washington.[1]  The Order provides that the title to all property owned by WULA vested in the Receiver as of that date.  This included title to the Dillingham Ranch property, the subject of the instant litigation.

---

[1] *See* Order Of Rehabilitation And Appointment of Receiver, Filed March 2, 2004 in the Thurston County Superior Court of the State of Washington, in Case No. 04-2-00406-1 ("Rehab. Order"), Ex. 1.

On May 3, 2004, Plaintiffs brought the present action.[2] In their Complaint, Plaintiffs made various breach of contract/fraud claims which included claims of an "ownership interest" in the Dillingham Ranch property, as well as an "equitable lien" on said property. In this connection, Plaintiffs filed a Notice of Pendency of Action ("*lis pendens*") against the property to enforce their alleged equitable lien on said property.[3]

As demonstrated below, this Court cannot assert jurisdiction over any of the *in rem* claims Plaintiffs herein are making. Indeed, it is a matter of long-standing federal law that a federal court cannot assert jurisdiction over property over which a State Receiver previously has taken jurisdiction.

Moreover, even in a situation where a federal court has asserted jurisdiction over property <u>before</u> a State Receiver asserted jurisdiction, the 9th Circuit has made clear that if the law of the state in which the federal court sits defers jurisdiction to the state in which the Receivership was filed, the federal court must follow state law and also defer. In this

---

[2] They also filed a demand for arbitration on May 3, 2004. *See* Compl., Ex. 2, ¶¶ 7-8; Ex. 3.

[3] *See* Notice of Pendency of Action filed herein on May 3, 2004.

2

case, that would require this Court to defer jurisdiction to the Washington state court.

Finally, because this Court cannot assert *in rem* jurisdiction over the Dillingham Ranch property, the *lis pendens* Plaintiffs have filed on that property relating to their *in rem* claims must be expunged upon dismissal of the *in rem* claims.

## II. THE WASHINGTON RECEIVERSHIP

As indicated above, on March 2, 2004, WULA was placed in receivership by a Washington state court.[4] The Rehab. Order directs the Washington Insurance Commissioner, acting as Receiver of WULA, to

> "take possession of all the assets, books, records, files, and all of the property, real and personal, contracts, and rights of action of [WULA] located in the State of Washington or elsewhere, and [to] deal with the property and business of [WULA] in his own name or in the name of [WULA] in receivership."[5]

The Rehab. Order also states that "the Receiver shall administer the Assets of [WULA] under the general supervision of the Court. . . .[u]pon entry of this Order, title to all the Assets of [WULA] hereby vests in the Receiver by operation of law."[6]

---

[4] *See* fn. 1.

[5] Rehab. Order, Ex. 1, ¶ 2.

[6] *Id.* ¶ 8.

3

An amended Order was issued on October 22, 2004, that replaced, and related back to the issue date (March 2, 2004), of the original Rehab. Order, and further articulated the scope of the injunction against any person seeking to assert claims against any property that was the subject of the Receivership.[7]

Under Washington law, there is no question that the Receivership Order asserted *in rem* jurisdiction over all of WULA's property.[8] This is consistent with the general receivership law.[9]

## III. PLAINTIFFS FILE THE CURRENT ACTION

On May 3, 2004, two months after the Washington court first asserted *in rem* jurisdiction over WULA's property, Plaintiffs

---

[7] *See* Amended Order Of Rehabilitation And Appointment of Receiver, Filed March 2, 2004 in the Thurston County Superior Court of the State of Washington, in Case No. 04-2-00406-1 (Am. Rehab. Order), Ex. 4A, ¶ 1. An exemplified copy of the Am. Rehab. Order was filed as an Exemplified Foreign Judgment in S.P. No. 04-1-0505 VSM in the Circuit Court of the First Circuit, State of Hawaii, see Ex. 4B.

[8] *See* Rev. Code of Wash. § 48.31.040(4) ("An order to rehabilitate the business of a domestic insurer . . . shall appoint the commissioner . . . as the rehabilitator, and shall direct the rehabilitator to immediately take possession of the assets of the insurer, and to administer them under the general supervision of the court. . . . ")

[9] The order to rehabilitate the insurer by operation of law vests title to all assets of the insurer in the rehabilitator."; *United States v. Bank of New York & Trust Co.*, 296 U.S. 463, 475-76 (1936) ("When [a] state court direct[s] the [receiver] to take possession of the assets of the [insolvent insurer], and to conserve those assets until its further order, the court t[akes] jurisdiction of the *res*.").

4

filed this action. In their Complaint, Plaintiffs assert claims for

- Equitable Lien Arising From Ownership Interest in [the Dillingham Ranch Property],
- Equitable Lien for Advances, and
- Fraud in the inducement.

Plaintiffs seek damages and "equitable relief, including but not limited to rescission of the subject agreements by which WULA ultimately acquired title to the [Dillingham Ranch property]."[10] All of these claims are clearly *in rem*.[11]

Significantly, Plaintiffs' Complaint concedes that WULA holds title to the Dillingham Ranch property.[12] Nevertheless, Plaintiffs repeatedly claim they have an "ownership interest" in the Dillingham Ranch property by virtue of various contracts between themselves and WULA.[13]

---

[10] Compl., Ex. 1, Prayer for Relief ¶ C.

[11] *See Byrne v. Allen*, 10 Haw. 668, 1897 WL 1638, *2 (Haw. Rep. 1897) ("[T]he term a 'proceeding *in rem*' is applied to actions between parties where the direct object is to reach and dispose of property owned by them or of some interest in them."); *Bank of New York & Trust Co.*, 296 U.S. at 477 (a suit is *in rem* or *quasi in rem* if "the court must have possession or control of the *res* in order to proceed with the cause and to grant the relief sought").

[12] *See* Compl., Ex. 1, ¶ 10.

[13] *See, e.g.*, Compl., Ex. 1, ¶¶ 11, 12, 13, 16, 17, 31, 33 & 36.

5

In connection with, and in pursuit of, these *in rem* ownership claims, Plaintiffs filed a *lis pendens* in this court, and recorded it in the Bureau of Conveyances of the State of Hawaii on May 3, 2004.[14]

## IV.  THIS COURT DOES NOT HAVE JURISDICTION OVER PLAINTIFFS' *IN REM* CLAIMS

It is indisputable that the Washington Court asserted *in rem* jurisdiction over the Dillingham Ranch property before the instant Complaint was filed.  In light of this, federal law precludes this Court from exercising jurisdiction relating to the property over which the Washington Court exercised jurisdiction:

> When the state court directed the superintendent of insurance to take possession of the assets of the United States branches, and to conserve those assets until its further order, the court took jurisdiction of the *res*.  While the superintendent was a statutory liquidator, he took possession under the direction of the court and the fund was at all times subject to the court's control.  The proceeding was essentially one *in rem* and the superintendent was protected by a sweeping injunction in the unimpeded liquidation of the sequestered property.[15]

---

[14] *See* Notice of Pendency of Action, Ex. 5. Pursuant to Hawaii Revised Statutes §§ 501-151 and 634-51, Plaintiffs recorded the *lis pendens* in the regular system as Document No. 2004-087982, and with the Land Court as Land Court Document No. 3104421.

[15] *United States v. Bank of New York & Trust Co.*, 296 U.S. 463, 475-76 (1936).

Indeed, it has long been established that, while a state court may not enjoin a federal court from proceeding to adjudicate claims in an *in personam* action,[16] when both a state court and a federal court assert jurisdiction over the same property, "the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other."[17]

> "[W]here the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same *res* to defeat or impair the state court's jurisdiction."[18]

In such a case, the federal court must refrain from exercising jurisdiction over the property in order "[t]o avoid unseemly and disastrous conflicts in the administration of our dual judicial system and to protect the judicial processes of the court first assuming jurisdiction."[19]

In the present case, because the Washington Court's exercise of *in rem* jurisdiction preceded the filing of this

---

[16] *See Donovan v. City of Dallas*, 377 U.S. 408, 412-13 (1964)

[17] *Penn Gen'l Cas. Co. v. Pennsylvania ex rel. Schnader*, 294 U.S. 189, 195 (1935). *See Princess Lida v. Thompson*, 305 U.S. 456, 465-67 (1939); *Bank of New York & Trust Co.*, 296 U.S. at 477-78; *Kline v. Burke Construction Co.*, 260 U.S. 226, 229-32, 235 (1922); *see also Morgan Stanley Mortgage Capital, Inc. v. Ins. Comm'r*, 18 F.3d 790, 791 n.2 (9th Cir. 1994); *Garamendi v. Exec. Life Ins. Co.*, 17 Cal.App.4th 504, 522 n.20 (1993).

[18] *Kline*, 260 U.S. at 229.

[19] *Penn Gen'l Cas. Co.*, 294 U.S. at 195 (citations omitted).

case, to the extent that Plaintiffs seek *in rem* relief, this Court has no jurisdiction to provide it, and thus all of these claims must be dismissed. This would obviously include expunging the *lis pendens* as this is predicated on the Court's exercise of *in rem* jurisdiction.

## V. EVEN IF THIS ACTION HAD PRECEDED THE WASHINGTON ORDER THIS COURT CANNOT EXERCISE *IN REM* JURISDICTION

In *Hawthorne Savings F.S.B. v. Reliance Insurance Co. of Illinois*, 421 F.3d 835 (9th Cir. 2005),[20] the Ninth Circuit made clear that even in a situation where a federal action was filed <u>before</u> a state Receivership Order was entered, the federal court must still defer *in rem* jurisdiction if the law of state in which the federal court sits would require a state court to defer to a sister state court.

In *Hawthorne*, the Ninth Circuit held that a federal court in California was required to follow California law regarding the effect of insurance insolvency proceedings in Pennsylvania. Determining that California had adopted the Uniform Insurers Liquidation Act (UILA), and Pennsylvania was a "reciprocal state," the Court held that the federal court could not assert *in rem* jurisdiction over the Pennsylvania property.

---

[20] *Amended by* -- F.3d --, 2006 WL 73583 (9th Cir. Jan. 13, 2006).

In the present case, both Hawaii and Washington have adopted the UILA and are therefore "reciprocal states."[21] Hawaii Revised Statutes § 431:15-408, which corresponds to section 9 of the UILA, provides that,

> "During the pendency in this *or any other state* of a liquidation proceeding, whether called by that name or not, no action or proceeding in the nature of an attachment, garnishment or levy of execution shall be commenced or maintained in this State against the delinquent insurer or its assets."[22]

## VI. THE *LIS PENDENS* IS CLEARLY PROHIBITED REGARDLESS OF WHAT LAW IS APPLIED

Because this Court cannot exercise *in rem* jurisdiction in this case regardless of when the Washington court acted, it is clear that the *lis pendens* filed by the Plaintiffs must be expunged. Indeed, there is no question that the *lis pendens* is "in the nature of an attachment, garnishment, or levy of execution," which the Hawaii version of the UILA forbids Plaintiffs from maintaining against the property of WULA.

And, there is no question that this *lis pendens* impedes the sale of the Dillingham Ranch property pending the outcome of

---

[21] See comparison of referenced HRS sections and RCW sections in Ex. 6. *See* Haw. Rev. Stat. § 431:15-401 to 15-411; Rev. Code of Wash. Ch. 48.99; *see also Four Star Ins. Agency, Inc. v. Hawaiian Elec. Indus., Inc.*, 974 P.2d 1017, 1023 (Haw. 1999).

[22] Haw. Rev. Stat. § 431:15-408 (emphasis added).

9

this litigation, and thereby operates in a manner similar to an attachment.[23]

The law in Hawaii is straightforward - a *lis pendens* is only proper where a court is exercising *in rem* jurisdiction:

> "[t]he purpose of the doctrine [of *lis pendens*] is to provide the courts with control over property involved in actions pending before them."[24]

## VII. CONCLUSION

It is respectfully submitted that to the extent Plaintiffs' Complaint includes *in rem* claims, it must be dismissed -- regardless of whether the Washington Court asserted jurisdiction over the Dillingham Ranch property before or after this case was filed.

In addition, because this Court cannot assert *in rem* jurisdiction over the Dillingham property, it is respectfully submitted that the *lis pendens* predicated on Plaintiffs' *in rem* claims must be expunged.

---

[23] *See S. Utsunomiya Enters.*, 866 P.2d at 963 (classifying *lis pendens* as an encumbrance upon real property, like an attachment), *see also id.* at 965; *Kaapu*, 814 P.2d at 397. "[T]he *lis pendens* statute must be strictly construed[,] and . . . the application of *lis pendens* should be limited to actions *directly* seeking to obtain title to or possession of real property." *S. Utsunomiya Enters.*, 866 P.2d at 966 (italics in original).

[24] *Kaapu v. Aloha Tower Dev. Corp.*, 814 P.2d 396, 397 (Haw. 1991); *see also S. Utsunomiya Enters., Inc. v. Moomuku Country Club*, 866 P.2d 951, 965 (Haw. 1994).

Dated:  Honolulu, Hawaii, February 16, 2006.

_____
WARREN PRICE, III
TERENCE S. YAMAMOTO

Attorneys for Defendant
WESTERN UNITED LIFE ASSURANCE
COMPANY