☒ EXPEDITE
☐ Hearing is Set
  Date:
  Time:

# STATE OF WASHINGTON
# THURSTON COUNTY SUPERIOR COURT

| | |
|---|---|
| MIKE KREIDLER, INSURANCE COMMISSIONER, | NO. 04-2-00406-1 |
| Petitioner, | ORDER OF REHABILITATION AND APPOINTMENT OF RECEIVER |
| v. | |
| WESTERN UNITED LIFE ASSURANCE COMPANY, | |
| Respondent. | |

THIS MATTER having come on regularly before the Court on the Petition For Appointment of Receiver and For Order of Rehabilitation ("Petition"), and the Court having determined that the statutory requirements and grounds for the requested relief have been met and that the Respondent Western United Life Assurance Company ("Western United") has consented to state insurer rehabilitation proceedings and entry of this Order, and the Court being otherwise fully advised in the premises, now therefore

IT IS HEREBY ORDERED AS FOLLOWS:

1. Pursuant to Chapters 48.31 and 48.99 RCW, Insurance Commissioner Mike Kreidler, and his successor(s), is hereby appointed Statutory Receiver of Western United for purposes of rehabilitation, Deputy Insurance Commissioner James T. Odiorne is hereby appointed Receiver of Western United for purposes of rehabilitation, C. Wayne Metcalf III is hereby appointed Chief Deputy Receiver of Western United for purposes of rehabilitation, and

ORDER OF REHABILITATION AND
APPOINTMENT OF RECEIVER                    1

OFFICE OF THE ATTORNEY GENERAL
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

EXHIBIT 1

Marshall McGinnis, OIC Company Licensing Manager, is hereby appointed Deputy Receiver for purposes of rehabilitation. As used herein, the term "Receiver" includes the Statutory Receiver, the Receiver, the Chief Deputy Receiver, and the Deputy Receiver as appointed herein.

2. Pursuant to RCW 48.31.040, the Receiver shall forthwith take possession of all the assets, books, records, files and all of the property, real and personal, contracts, and rights of action of Western United located in the State of Washington or elsewhere, and shall deal with the property and business of Western United in his own name or in the name of Western United in receivership. The Receiver shall conduct the business of Western United, and shall take such steps toward removal of the causes and conditions which have made rehabilitation necessary as the Court may approve; and the Receiver shall administer the assets of Western United under the general supervision of the Court.

3. Western United, by and through its directors, trustees, officers, members, employees, agents, attorneys, and representatives, shall surrender to the Receiver forthwith its premises, assets, records, and documents pertaining to the business of Western United. Western United and its directors, trustees, officers, employees, members, agents, attorneys and representatives are commanded to peacefully deliver up and surrender to the Receiver or the Receiver's agents or attorneys, all the assets and records of Western United, all keys to all Western United premises and to safe deposit boxes, and to advise the Receiver of the combinations to any safes, safe-keeping devices, or restricted access entries of Western United.

4. Western United and its directors, trustees, officers, members, employees, agents, attorneys and representatives are hereby enjoined from interfering with the Receiver's title, possession and use of any and all of the property of Western United; and from disposing of, removing, paying out, parting with, withdrawing, alienating or encumbering any of the assets or other property of Western United.

5. No bank or financial institution holding funds or deposits of Western United or any of its affiliates may offset said funds or deposits against any amounts owing to the bank or financial institution without the express written authority of the Receiver.

6. The provisions of RCW 48.31.045 concerning legal actions in which Western United is a party or obligated to defend shall apply to these proceedings, including a stay of the action or proceeding, upon request by the Receiver, for ninety (90) days and such additional time as is necessary for the Receiver to obtain proper representation and prepare for further proceedings. The Receiver is specifically authorized to pursue all claims against third parties on behalf of the receivership estate of Western United, and to take all action necessary to pursue such claims, including the hiring of outside counsel or other necessary professionals.

7. The Receiver shall keep accountings of the rehabilitation proceedings of Western United, and render and file with the Court such accountings at such intervals as are deemed reasonable and/or necessary by the Receiver, but in no event less frequently than semiannually, beginning six (6) months from the date of this Order.

8. Upon entry of this Order, title to all the assets of Western United hereby vests in the Receiver by operation of law.

9. The Receiver is authorized and directed to administer the assets of Western United and conduct the rehabilitation proceedings under the provisions of Title 48 RCW applicable to rehabilitation delinquency proceedings.

///
///
///
///
///
///
///

1  10. The Court shall provide the Receiver with sixty (60) certified copies of this
2  Order and additional copies as are needed by the Receiver without charge as required under
3  RCW 48.31.230. In addition, filing fees for this action are waived for the Receiver pursuant
4  to RCW 48.31.230.

5  DATED this 2nd day of March, 2004.

7  _____
8  JUDGE

9  Presented by:

10 CHRISTINE O. GREGOIRE
   Attorney General

11 

12 _____
   CHRISTINA GERSTUNG BEUSCH
   WSBA#18226
13 Assistant Attorney General
   Attorneys for Office of the Insurance Commissioner

15 Copy received:

16 SONNENSCHEIN NATH & ROSENTHAL LLP
   Attorneys at Law

18 _____
   Kara S. Navarro Baysinger / by express authority
19 685 Market Street, Sixth Floor / Christina Beusch
   San Francisco, CA 94105
20 (415) 882-2475 phone
   (415) 543-5472 fax
21 kbaysinger@sonnenschein.com
   Attorneys for Respondent

STATE OF WASHINGTON
County of Thurston
I, Betty J. Gould, County Clerk and Ex-officio Clerk of the Superior Court of the State of Washington, for Thurston County holding session at Olympia, do hereby certify that the foregoing is a true and correct copy of the original as the same appears on file and of record in my office containing _____ pages.
IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said court
DATED: March 2 2004
BETTY J. GOULD
County Clerk, Thurston County, State of Washington
by _____ Deputy