359230.2
Of Counsel
KOBAYASHI, SUGITA & GODA

LEX R. SMITH #3485
CRAIG K. SHIKUMA #4018
KENNETH M. NAKASONE #6942
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813-3889
Telephone: 539-8700
Facsimile: 539-8799
ksg@ksglaw.com

Attorneys for Plaintiffs
Mokuleia Preservation Partners, L.L.C.;
Malani, Inc. and Mokuleia Polo Farms, L.L.C.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 03 2004

at ___ o'clock and ___ min. ___ M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MOKULEIA PRESERVATION PARTNERS, L.L.C.; MALANI, INC. and MOKULEIA POLO FARMS, L.L.C., <br><br> Plaintiffs, <br><br> vs. <br><br> WESTERN UNITED LIFE ASSURANCE COMPANY, <br><br> Defendant. | CIVIL NO. CV04 00283 DAE BMK <br><br> COMPLAINT; SUMMONS |

EXHIBIT 2

# COMPLAINT

Plaintiffs Mokuleia Preservation Partners, L.L.C. ("MPP"); Malani, Inc. ("Malani") and Mokuleia Polo Farms, L.L.C ("MPF"); (MPP, Malani and MPF collectively "Plaintiffs"), by and through their attorneys, Kobayashi, Sugita & Goda, for a Complaint against Defendant Western United Life Assurance Company ("WULA") allege and aver as follows:

1. MPP is a Hawaii limited liability company.

2. Malani is a Hawaii corporation.

3. MPF is a Hawaii limited liability company.

4. WULA is a Washington corporation.

5. Metropolitan Mortgage and Securities Co., Inc. ("Metropolitan") is the parent of WULA. Summit Property Development ("Summit") is an affiliate of Metropolitan and WULA.

6. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1332(a)(1). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a). The amount in controversy exceeds the jurisdictional minimum.

7. This action is related to and being filed concurrently with the filing of a Demand for Arbitration with Dispute Prevention and Resolution, Inc., in Honolulu, Hawaii, pursuant to mediation arbitration provisions in the relevant

agreements. Plaintiffs seek the assistance of this Court for a provisional remedy pursuant to Haw.Rev.Stat. § 658A-8.

8. Further, in the event it is later determined that one or more of the claims asserted in the Demand for Arbitration are not subject to arbitration, then any such claim(s), and any other claims among the parties that are not subject to arbitration, should be added to and decided in this action via an amendment of this Complaint.

9. This action concerns the purchase, development and sale of certain parcels of real property located on the Island of Oahu, State of Hawaii. The parties hereto have generally referred to the subject properties as the "Mauka Land" more particularly described as Tax Map Key Nos.: Oahu 6-8-2-6, 9, 11 and 16, 6-8-3-5, 6, 11, 15, 16, 19, 20, 21, 30, 31, 33, 34, 35, 38 and 40 (collectively "Mauka Land").

10. WULA currently holds title to the Mauka Land.

11. MPP owns an interest in and to the Mauka Land pursuant to the Dillingham Ranch Development Agreement, effective as of July 31, 2002, as amended by Joinder to Dillingham Ranch Development Agreement dated December 20, 2002 and Amendment to Dillingham Ranch Development Agreement, executed in 2003 but effective as of July 31, 2002 (collectively "Development Agreement") by and among MPP, WULA and its affiliate.

3

12. Malani has an interest in and to the Mauka Land pursuant to the Consultant Agreement dated July 31, 2002, as amended by the Joinder To Consultant Agreement dated December 20, 2002 (collectively "Malani Agreement") by and among Malani, WULA and its affiliate.

13. MPF has an interest in and to the Mauka Land pursuant to the Consultant Agreement dated July 31, 2002, as amended by the Joinder To Consultant Agreement dated December 20, 2002 (collectively "MPF Agreement") by and among MPF, WULA and its affiliate.

14. The Malani Agreement and the MPF Agreement each provides that: "This Agreement shall be governed by the laws of the State of Hawaii both as to interpretation and performance." Likewise, the Development Agreement provides that: "This Agreement shall be governed by and construed in accordance with the laws of the State of Hawaii."

## COUNT I
**(Equitable Lien Arising From Ownership Interests in Mauka Land)**

15. Plaintiffs repeat and reallege paragraphs 1 through 14 above as though fully set forth herein.

16. WULA agreed that MPP, Malani and MPF owned interests in and to the Mauka Land and that the Development Agreement, Malani Agreement and MPF Agreement would document MPP's, Malani's and MPF's interest in and to the Mauka Land.

4

17. Based on information and belief, Plaintiffs allege that WULA is currently attempting to sell the Mauka Land without recognizing the interests of MPP, Malani and MPF in the property and in breach of WULA's obligations to MPP, Malani and MPF under the Development Agreement, a February 23, 2004 agreement relating to a sale of the Mauka Land ("February 23 Agreement"), the Malani Agreement and the MPF Agreement.

18. Based on the above, MPP is entitled to an equitable lien on the Mauka Land in a sum equal to the amount due and owing MPP under the Development Agreement and/or the February 23 Agreement.

19. Based on the above, Malani is entitled to an equitable lien on the Mauka Land in a sum total equal the amount due and owing Malani under the Malani Agreement.

20. Based on the above, MPF is entitled to an equitable lien on the Mauka Land in a sum total equal to the amount due and owing MPF under the MPF Agreement.

## COUNT II
### (Equitable Lien for Advances)

21. Plaintiffs repeat and reallege paragraphs 1 through 20 above as though fully set forth herein.

22. Based in part on a property management agreement relating to the Mauka Land, Plaintiffs have advanced funds that were used to pay for costs and

5

expenses necessary for the care, maintenance, protection and/or operation of the Mauka Land.

23. Plaintiffs notified WULA prior to making such advances, that such advances would have to be made if WULA did not provide funds and that such advances would be deemed to be equitable liens on the Mauka Land.

24. Despite notice, WULA failed and refused to provide the necessary funds for the care, maintenance, protection and/or operation of the Mauka Land.

25. Based on the above, Plaintiffs are entitled to an equitable lien on the Mauka Land in a sum equal to the advances they made for the care, maintenance, protection and/or operation of the Mauka Land.

## COUNT III
### (Fraud In The Inducement)

26. Claimants repeat and reallege paragraphs 1 through 25 above as though fully set forth herein.

27. WULA's rights in the Mauka Land are limited by and subject to the rights of Metropolitan.

28. Metropolitan's rights are in turn limited by and subject to the rights of Summit.

29. At various times relevant herein, Summit, Metropolitan and WULA each represented to MPP, Malani and MPF that each had lots of money and the financial capability to develop the Mauka Land with MPP, Malani and MPF.

6

30. The aforesaid representations made by Summit, Metropolitan and WULA were false.

31. The aforesaid representations made by Summit, Metropolitan and WULA were made with the intent to induce MPP, Malani and MPF to transfer their interests in the Mauka Land and/or to perform on the Development Agreement, the Malani Agreement, the MPF Agreement a Property Management Agreement dated August 1, 2002 ("Management Agreement") relating to the Mauka Land.

32. The aforesaid representations by Summit, Metropolitan and WULA were made with full knowledge of their falsity.

33. MPP, Malani and MPF relied on the aforesaid false representations in transferring their interests in the Mauka Land and/or in performing on the Development Agreement, the Malani Agreement, the MPF Agreement and the Management Agreement.

34. MPP, Malani and MPF justifiably relied on the aforesaid false representations to their detriment.

35. As a direct, proximate and foreseeable result of the aforesaid false representations, MPP, Malani and MPF have been damaged and are entitled to damages from WULA.

36.  As a direct, proximate and foreseeable result of the aforesaid false representations, MPP, Malani and MPF have been damaged and are entitled to equitable relief, including but not limited to, rescission of the agreements by which WULA ultimately acquired the Mauka Land from Malani.

WHEREFORE, MPP, Malani and MPF pray for judgment against WULA as follows:

A.  For equitable liens as set forth above.

B.  For damages in an amount to be proven at trial.

C.  In the alternative, for equitable relief, including but not limited to rescission of the subject agreements by which WULA ultimately acquired title to the Mauka Land, together with damages in an amount to be proven at trial.

D.  For an award of its attorneys' fees and costs incurred in this action.

E.  For such other relief as would be just and equitable.

DATED: Honolulu, Hawaii, _____ MAY 0 3 2004 _____.

_____
LEX R. SMITH
CRAIG K. SHIKUMA
KENNETH M. NAKASONE

Attorneys for Plaintiffs
Mokuleia Preservation Partners, L.L.C.;
Malani, Inc. and Mokuleia Polo Farms,
L.L.C

8

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of Hawaii

MOKULEIA PRESERVATION
PARTNERS, L.L.C.; MALANI,
INC. and MOKULEIA POLO
FARMS, L.L.C.,
V.
WESTERN UNITED LIFE ASSURANCE
COMPANY

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)

WESTERN UNITED LIFE ASSURANCE COMPANY

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

LEX R. SMITH, ESQ.
CRAIG K. SHIKUMA, ESQ.
KENNETH M. NAKASONE, ESQ.
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813-3889

an answer to the complaint which is served on you with this summons, within _____twenty (20)_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

WALTER A V.H. CHINN                                                      MAY 0 3 2004

CLERK                                                                          DATE

/s/ KELCEY KIM

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me<sup>(1)</sup> | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                  Date                        *Signature of Server*

                                 _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.