ORIGINAL

☑ EXPEDITE
☐ Hearing is Set
   Date:
   Time:

FILED
SUPERIOR COURT
THURSTON COUNTY WASH

'04 OCT 22 A9:16

BETTY J. GOULD CLERK

BY_____
                DEPUTY

## STATE OF WASHINGTON
## THURSTON COUNTY SUPERIOR COURT

MIKE KREIDLER,
INSURANCE COMMISSIONER,

      Petitioner,

v.

WESTERN UNITED LIFE
ASSURANCE COMPANY,

      Respondent.

NO. 04-2-00406-1

**AMENDED** ORDER OF REHABILITATION AND APPOINTMENT OF RECEIVER

**EX PARTE**

THIS MATTER having come before the Court on the Receiver's Petition to Amend the Order of Rehabilitation and Appointment of Receiver ("Petition") issued on March 2, 2004, supported by the Declaration of Wayne C. Metcalf III, Chief Deputy Receiver of Western United Life Assurance Company ("Western United"), and the Court having determined that the relief the Receiver requests is authorized by law, in the interests of Western United, its policyholders, and the public, and necessary to aid the rehabilitation of Western United and preserve this Court's jurisdiction over claims to the Assets of the receivership estate, and the Court being otherwise fully advised in the premises, now therefore

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.    This Amended Order of Rehabilitation and Appointment of Receiver ("Amended Order") replaces the original Order of Rehabilitation and Appointment of

AMENDED REHABILITATION AND
APPOINTMENT OF RECEIVER

1

OFFICE OF THE ATTORNEY GENERAL
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

EXHIBIT 4A

1  Receiver ("Original Order") and relates back to the original issuance date of March 2,
2  2004.

3      2.    Pursuant to Chapters 48.31 and 48.99 RCW, Insurance Commissioner Mike Kreidler, and his successor(s), is hereby appointed Statutory Receiver of Western United for purposes of rehabilitation, Deputy Insurance Commissioner James T. Odiorne is hereby appointed Receiver of Western United for purposes of rehabilitation, Wayne C. Metcalf III is hereby appointed Chief Deputy Receiver of Western United for purposes of rehabilitation, and Marshall McGinnis, OIC Company Licensing Manager, is hereby appointed Deputy Receiver for purposes of rehabilitation. As used herein, the term "Receiver" includes the Statutory Receiver, the Receiver, the Chief Deputy Receiver, and the Deputy Receiver as appointed herein.

    3.    Pursuant to RCW 48.31.040 and other provisions of the Insurance Code, the Receiver shall forthwith take possession of all the assets, books, records, files, and reinsurance recoverables, and all of the property, real and personal, contracts, and rights of action of Western United located in the State of Washington or elsewhere, ("Assets") and shall deal with the property and business of Western United in his own name or in the name of Western United in receivership. The Receiver shall conduct the business of Western United, and shall take such steps toward removal of the causes and conditions which have made rehabilitation necessary as the Court may approve; and the Receiver shall administer the Assets of Western United under the general supervision of the Court.

    4.    The Receiver is authorized to sue or defend on behalf of Western United, or to do so in the interest of Western United's policyholders, creditors, and the public in the courts, tribunals, agencies, and arbitration panels of this State and any other states, and to take such other actions as the nature of this cause and the interests of the policyholders, creditors, and the public may require.

AMENDED REHABILITATION AND    2    OFFICE OF THE ATTORNEY GENERAL
APPOINTMENT OF RECEIVER                                   1125 Washington Street SE
                                                                        PO Box 40100
                                                                      Olympia, WA 98504-0100
                                                                         (360) 664-9006

5. Western United, by and through its directors, trustees, officers, members, employees, agents, attorneys, and representatives, and all other persons shall surrender to the Receiver forthwith its premises, Assets, records, and documents pertaining to the business and Assets of Western United. Western United and its directors, trustees, officers, employees, members, agents, attorneys and representatives and all other persons are commanded to peacefully deliver up and surrender to the Receiver or the Receiver's agents or attorneys, all the Assets and records of Western United, all keys to all Western United premises and to safe deposit boxes, and to advise the Receiver of the combinations to any safes, safe-keeping devices, or restricted access entries of Western United.

6. Western United and its directors, trustees, officers, members, employees, agents, attorneys and representatives and all other persons are hereby enjoined and restrained from interfering with the Receiver's title, possession and use of any and all, or any portion thereof, of the property of Western United; and from transferring, destroying, disposing of, removing, paying out, parting with, withdrawing, alienating or encumbering any of the Assets of Western United without the express written consent of the Receiver..

7. No bank, financial institution, or any other person having in their possession Assets or records belonging to Western United, or holding funds or deposits of Western United or any of its affiliates may offset said Assets, funds or deposits against any amounts owing to such bank, financial institution, or any other person without the express written consent of the Receiver.

8. The provisions of RCW 48.31.045 concerning legal actions in which Western United is a party or obligated to defend shall apply to these proceedings, including a stay of the action or proceeding, upon request by the Receiver, for ninety (90) days and such additional time as is necessary for the Receiver to obtain proper

representation and prepare for further proceedings. The Receiver is specifically authorized to pursue all claims against third parties on behalf of the receivership estate of Western United, and to take all action necessary to pursue such claims, including the hiring of outside counsel or other necessary professionals.

9. The Receiver shall keep accountings of the rehabilitation proceedings of Western United, and render and file with the Court such accountings at such intervals as are deemed reasonable and/or necessary by the Receiver, but in no event less frequently than semiannually, beginning six (6) months from the date of this Order.

10. Upon entry of this Order, title to all the Assets of Western United hereby vests in the Receiver by operation of law.

11. The Receiver is authorized and directed to administer the Assets of Western United and conduct the rehabilitation proceedings under the provisions of Title 48 RCW applicable to rehabilitation delinquency proceedings.

12. Pursuant to Chapters 48.31 and 48.99 RCW, absent further order of this Court or the express written consent of the Receiver, all persons are enjoined and restrained from:

   a. Instituting or further prosecuting any action, at law or in equity, or in other proceedings to determine, enforce, collect, or assert any claims against Western United, its Assets, or the Receiver;

   b. Asserting or obtaining preferences, judgments, attachments, garnishments, or other liens or encumbrances, or making any levy against Western United, its Assets, or the Receiver;

   c. Taking any action or interfering in any way with the Receiver's title, possession, or control of Western United, or its Assets;

////
////

AMENDED REHABILITATION AND APPOINTMENT OF RECEIVER

4

OFFICE OF THE ATTORNEY GENERAL
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

     d.    Taking any other action that may lessen the value of Western United's Assets or prejudice the rights of Western United's creditors as a whole, its Assets, or the administration of the rehabilitation proceeding; and

     e.    Taking any action that may waste, or wasting, Western United's Assets, in whole or in part.

13. Any person who violates an injunction issued in this matter or this Order may be liable to the Receiver and the estate of Western United for reasonable costs and attorneys fees incurred in enforcing the injunction or any costs related thereto and any reasonably foreseeable damages.

14. Any attachments, garnishments, or other liens or encumbrances, or levies, made, created, or perfected against Western United, its Assets, or the Receiver on or after the date of Western United being place in receivership, which occurred within four months of March 2, 2004, or any time thereafter are hereby set aside, voided, expunged, and released. A copy of this Amended Order shall be served on any person known to the Receiver to be asserting such claim and, as determined to be appropriate by the Receiver, recorded in state or local offices where instruments affecting title to property are regularly filed.

15. To effectively and efficiently administer the assets of Western United, the Receiver may require that any claim against Western United, its Assets or the Receiver must be raised or asserted within this rehabilitation proceeding, and in such instance, all persons are hereby enjoined and restrained from asserting such claim against Western United, its Assets or the Receiver which arise out of or in connection with or as a result of this rehabilitation, except insofar as such claim is brought in this rehabilitation proceeding.

16. The Court shall provide the Receiver with sixty (60) certified copies of this Order and additional copies as are needed by the Receiver without charge as

1  required under RCW 48.31.230. In addition, filing fees for this action are waived for
2  the Receiver pursuant to RCW 48.31.230.
3      17.  This Court reserves jurisdiction to amend this Order or issue such further
4  orders as it deems just, necessary, and appropriate.
5      **IT IS SO ORDERED** this 22 day of October, 2004.

*[Signature]*
JUDGE CHRISTINE POMEROY

Presented by:
CHRISTINE O. GREGOIRE
Attorney General

*[Signature: Christina Beusch]*
CHRISTINA GERSTUNG BEUSCH
WSBA#18226
Assistant Attorney General
Attorneys for Office of the Insurance Commissioner

AMENDED REHABILITATION AND
APPOINTMENT OF RECEIVER                 6