Of Counsel:
PRICE, OKAMOTO, HIMENO & LUM

WARREN PRICE, III             1212
TERENCE S. YAMAMOTO    1668
Ocean View Center
707 Richards Street, Suite 728
Honolulu, Hawaii  96813
Telephone No.: 538-1113
Facsimile No.: 533-0549
Email: wprice@pohlhawaii.com
Email: tyamamoto@pohlhawaii.com

Attorneys for Defendant
WESTERN UNITED LIFE
ASSURANCE COMPANY

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 2 8 2004

at __8__ o'clock and __15__ min __P__ M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

STATE OF HAWAII

| | |
|---|---|
| MOKULEIA PRESERVATION PARTNERS, L.L.C; MALANI, INC. and MOKULEIA POLO FARMS, L.L.C., <br><br> Plaintiffs, <br><br> vs. <br><br> WESTERN UNITED LIFE ASSURANCE COMPANY, <br><br> Defendant. | CIVIL NO. 04-00283 DAE BMK <br><br> STIPULATION AND ORDER; EXHIBIT A |



EXHIBIT D

## STIPULATION AND ORDER

Whereas, on October 7, 2004, Plaintiffs Mokuleia Preservation Partners, L.L.C., Malani, Inc., and Mokuleia Polo Farms, Inc., L.L.C. (hereinafter collectively referred to as "Plaintiffs") served the Complaint filed herein on May 3, 2004, upon Defendant Western United Life Assurance Company (in receivership for purposes of rehabilitation) (hereinafter "WULA");

Whereas, WULA was placed in receivership for purposes of rehabilitation on March 2, 2004, under the Washington State Insurance Commissioner's petition, by order of the Superior Court, Thurston County, Washington in case number 04-2-00406-1 (which was Amended on October 22, 2004 and filed as a foreign judgment in S.P. No. 04-1-0505 VSM in the Circuit Court of the First Circuit, State of Hawaii) (a true and correct copy of which is attached hereto as Exhibit A)).

Whereas, notice of the proof of service of the Complaint was inadvertently not provided by WULA to WULA's General Counsel who has been handling issues raised in and related to the Complaint, and therefore WULA's General Counsel and its outside counsel were unaware of the October 7, 2004 service of the Complaint until WULA's outside counsel was contacted by Plaintiff's counsel on or about November 22, 2004;

2

Whereas, immediately thereafter, WULA's outside counsel obtained a copy of the served complaint directly from the Court's records, and on December 8, 2004, John S. Edmunds, counsel for Plaintiffs, and Warren Price, III and Terence S. Yamamoto met to discuss the pending dispute between Plaintiffs and WULA, subject to the protections of Rule 408 of the Federal Rules of Evidence;

Whereas, subject to approval of this Court, Plaintiffs and WULA believe that it is in their best interests to enter into a "standstill" agreement with regard to the above entitled civil action, as set forth below;

NOW, THEREFORE, IT IS HEREBY stipulated and agreed, by and between Plaintiffs and WULA, through their respective undersigned counsel, as follows:

1. Plaintiffs and WULA agree that this action shall be subject to this standstill agreement which will stay any further proceedings in this matter for a period of 90 calendar days from the date of the Order, without prejudice to their respective claims or defenses, and/or their respective positions on issues that are raised, or may be raised, in this action, including, without limitation, the right of WULA to make an appearance and file a responsive pleading in this action — which, for the reasons stated above has not yet been done; provided, however, that the parties have agreed that Plaintiffs, collectively, or Defendant, shall have the right to withdraw from this standstill agreement during said 90 day period (or any

extension thereof) by giving written notice to the opposing party or parties of not less than 15, nor more than 30 days, but the parties have not yet agreed on what said specific notice period shall be and are continuing to negotiate on this one item. Within 15 days of the signing of this Stipulation, the parties shall file a supplemental Stipulation reciting specifically how many days notice shall be necessary to withdraw from this Stipulation.

2. The parties hereto hereby acknowledge that the purpose of said "standstill" agreement is to permit the parties to attempt in good faith to resolve the issues that are the subject of this litigation.; and WULA further agrees that the *lis pendens* filed in this action only be lifted through the instant federal court lawsuit.

3. Plaintiffs and WULA agree that all past and future discussions between the parties and/or their respective counsel during the pendency of this standstill agreement shall fall within and are subject to the privileges and protections provided by Federal Rules of Evidence Rule 408 and Hawaii Rule of Evidence Rule 408.

4. The Motion to Compel Arbitration filed by Plaintiffs herein and presently set for hearing before the Honorable Chief Judge David A. Ezra on Thursday, February 3, 2005 at 10:30 a.m., shall be, and the same is hereby, taken off calendar for the duration of the standstill period and no further hearing shall be requested by either party until after the standstill period has ended.

5. The Rule 16 Scheduling Conference presently set for hearing before the Honorable Magistrate Judge Barry Kurren on Monday, January 10, 2005 at 9:00 a.m., shall be, and the same is hereby, continued until the standstill has ended, at which point the parties will promptly notify the Court and, if necessary, a new Scheduling Conference will be set for the first available date on the Court's calendar.

6. During the period of this standstill agreement (or any extension thereof), no discovery or other litigation of any kind shall be conducted or engaged in by any of the parties hereto with respect to this case.

7. In the event the issues in dispute in this case are fully and finally resolved between the parties, counsel for the parties shall be responsible for filing any necessary pleadings to finally dispose of this matter.

8. In the event the issues in dispute in this case are not fully and finally resolved between the parties in this case within 90 days of the date of the entry of this Stipulation and Order, then within said 90 day period, counsel for the parties may, subject to approval of this Court, file a stipulation to extend the term of this standstill agreement. Otherwise, the parties will promptly notify the Court, and as set forth above, request that a new Scheduling Conference be set for the first available date on the Court's calendar to discuss proceeding with the litigation of this matter and to schedule or any hearings related thereto.

Dated: Honolulu, Hawaii 12/23/04

_____
JOHN S. EDMUNDS

Attorneys for A. Bernard Bays


_____
WARREN PRICE, III
TERENCE S. YAMAMOTO

Attorneys for Defendant
WESTERN UNITED LIFE
ASSURANCE COMPANY


Approved and so ordered:


_____
BARRY M. KURREN
Judge of the Above-Entitled Court


_____
Civil No. 04-00283 DAE BMK; Mokuleia Preservation Partners, L.L.C.; Malani, Inc. and Mokuleia Polo Farms, L.L.C, vs. Western United Life Assurance Company; STIPULATION AND ORDER

6