*cc DAE*
*Brue*
*pr counsel's*
*request*

Of Counsel:
PRICE, OKAMOTO, HIMENO & LUM

WARREN PRICE, III          1212
TERENCE S. YAMAMOTO        1668
Ocean View Center
707 Richards Street, Suite 728
Honolulu, Hawaii  96813
Telephone: (808) 538-1113
Facsimile: (808) 533-0549
Email: wprice@pohlhawaii.com
Email: tyamamoto@pohlhawaii.com

Attorneys for Defendant
WESTERN UNITED LIFE
ASSURANCE COMPANY

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 2 4 2006

at __3__ o'clock and __20__ min. __P__ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MOKULEIA PRESERVATION PARTNERS, L.L.C.; MALANI, INC. and MOKULEIA POLO FARMS, L.L.C., <br><br> Plaintiffs, <br><br> vs. <br><br> WESTERN UNITED LIFE ASSURANCE COMPANY, <br><br> Defendant. | CIVIL NO. 04-00283 DAE BMK <br><br> DEFENDANT WESTERN UNITED LIFE ASSURANCE COMPANY'S **REPLY** TO PLAINTIFFS MOKULEIA PRESERVATION PARTNERS, L.L.C., MALANI, INC. AND MOKULEIA POLO FARMS, L.L.C.'S MEMORANDUM IN OPPOSITION TO DEFENDANT WESTERN UNITED LIFE ASSURANCE COMPANY'S *EX PARTE* MOTION TO SHORTEN TIME FOR HEARING ON DEFENDANT WESTERN UNITED LIFE ASSURANCE COMPANY'S MOTION TO DISMISS *IN REM* CLAIMS AND FOR EXPUNGEMENT OF NOTICE OF PENDENCY OF ACTION, FILED 2/21/06; DECLARATION OF TERENCE S. YAMAMOTO; CERTIFICATE OF SERVICE <br><br> HEARING: <br> Date: _____ <br> Time: _____ <br> Judge:   Hon. David A. Ezra |

DEFENDANT WESTERN UNITED LIFE ASSURANCE COMPANY'S
**REPLY** TO PLAINTIFFS MOKULEIA PRESERVATION PARTNERS, L.L.C.,
MALANI, INC. AND MOKULEIA POLO FARMS, L.L.C.'S MEMORANDUM
IN OPPOSITION TO DEFENDANT WESTERN UNITED LIFE ASSURANCE
COMPANY'S *EX PARTE* MOTION TO SHORTEN TIME FOR HEARING ON
DEFENDANT WESTERN UNITED LIFE ASSURANCE COMPANY'S MOTION
TO DISMISS *IN REM* CLAIMS AND FOR EXPUNGEMENT OF
NOTICE OF PENDENCY OF ACTION, FILED 2/21/06

I.  INTRODUCTION

Plaintiffs argue the merits of WULA's Motion under the guise of an opposition to WULA's *Ex Parte* Motion to Shorten time. The issue before the Court, however, is the merit of shortening time.

And, it is respectfully submitted, that time should be shortened so that IF the parties cannot reach an agreement by the time of the closing of the sale of the Dillingham Ranch property, the sale can be closed – which will not be the case if the *lis pendens* that has been filed by Plaintiffs still in place.

While Plaintiffs claim that WULA is attempting to 'lever' Plaintiffs with its jurisdictional motion and the present motion to shorten time, it is obvious that just the opposite is true.

Indeed, Plaintiffs claim they will lift the *lis pendens* IF they get a "fair" settlement. If, however, WULA's ultimate settlement offer is not "fair" – in their view – WULA might lose the deal. The attempt to leverage is obvious.

2

II. **WULA'S MOTION TO DISMISS *IN REM* CLAIMS AND FOR EXPUNGEMENT OF NOTICE OF PENDENCY OF ACTION IS NOT "WEAK"**

WULA has, indeed, responded to Plaintiffs' complaint by filing the present motion to dismiss Plaintiffs' *in rem* claims. And, as discussed below, far from being "weak", there is absolutely no question that this Court - under long standing federal law - does not have *in rem* jurisdiction in this case.

    A. **The Washington State Court Has Taken Exclusive *In Rem* Jurisdiction Before This Court**

Plaintiffs do not dispute the following:

1. On March 2, 2004, <u>two months before Plaintiffs filed this action</u>, the Washington State court took *in rem* jurisdiction over WULA's assets, including the Dillingham Ranch property, when WULA was placed in Receivership, a Receiver was appointed, and title to all property owned by WULA vested in the Receiver as of that date, pursuant to an Order entered by the Thurston County Superior Court of the State of Washington.[1]

2. Long-standing federal law precludes this Court from exercising jurisdiction relating to the <u>property</u> over which the Washington Court has exercised jurisdiction.

---

[1] *See* Order Of Rehabilitation And Appointment of Receiver, Filed March 2, 2004 in the Thurston County Superior Court of the State of Washington, in Case No. 04-2-00406-1 ("Rehab. Order"), Ex. 1 attached to WULA's Motion.

3

It has long been established that, while a state court may not enjoin a federal court from proceeding to adjudicate claims in an *in personam* action,[2] when both a state court and a federal court assert jurisdiction over the same property, "the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other."[3]

> "[W]here the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same *res* to defeat or impair the state court's jurisdiction."[4]

In this case, there is no question that the Washington Court assumed jurisdiction over the property two months before Plaintiffs filed the instant case.

Consequently, as a matter of well-settled law, Washington receivership court has exclusive *in rem* jurisdiction over the real property at issue in this case. Plaintiffs completely ignore this settled rule and rely solely on authority that is wholly inapplicable to the issue before the court.

---

[2] *See Donovan v. City of Dallas*, 377 U.S. 408, 412-13 (1964).

[3] *Penn Gen'l Cas. Co. v. Pennsylvania ex rel. Schnader*, 294 U.S. 189, 195 (1935). *See Princess Lida v. Thompson*, 305 U.S. 456, 465-67 (1939); *Bank of New York & Trust Co.*, 296 U.S. at 477-78; *Kline v. Burke Construction Co.*, 260 U.S. 226, 229-32, 235 (1922); *see also Morgan Stanley Mortgage Capital, Inc. v. Ins. Comm'r*, 18 F.3d 790, 791 n.2 (9th Cir. 1994); *Garamendi v. Exec. Life Ins. Co.*, 17 Cal.App.4th 504, 522 n.20 (1993).

[4] *Kline*, 260 U.S. at 229.

### B. Under Hawaii Law, The *Lis Pendens* Only Supports an *In Rem* Claim To the Property

Plaintiffs have missed the point.

The law in Hawaii is straightforward – a *lis pendens* is only proper where:

> "[t]he purpose of the doctrine [of *lis pendens*] is to provide the courts with control over property involved in actions pending before them."[5]

This clearly contemplates the court having and exercising *in rem* jurisdiction to determine such a claim.

And, under Hawaii law, "… the *lis pendens* statute must be strictly construed and . . . the application of *lis pendens* should be limited to actions *directly* seeking to obtain title to or possession of real property." See S. *Utsunomiya Enters.*, 866 P.2d at 966 (italics in original).[6]

---

[5] *Kaapu v. Aloha Tower Dev. Corp.*, 814 P.2d 396, 397 (Haw. 1991); see also *S. Utsunomiya Enters., Inc. v. Moomuku Country Club*, 866 P.2d 951, 965 (Haw. 1994).

[6] In *S. Utsunomiya Enters.*, the Defendants/third-party appellants maintained that the plaintiff therein had invoked Hawaii's *lis pendens* statute to accomplish a purpose for which it was not intended, and the plaintiff's amended complaint, rather than claiming title to or a right of possession in the land, "merely sought to 'secure a prejudgment writ of attachment under the guise of a *lis pendens* to secure its damages without making any evidentiary showing or posting the required bond.'" *S. Utsunomiya Enters.*, 866 P.2d at 966.

The Hawaii Supreme Court, citing and adopting the reasoning of the California Court of Appeals in *Urez Corp. v. Superior Court*, 190 Cal. App.3d 1141, 235 Cal. Rptr. 837 (1987), held that a narrow construction of Hawaii's *lis pendens* statute (as that in *Urez Corp., supra*) was counseled by sound authority recognizing the real potential for abuse of *lis pendens*. See S. *Utsunomiya*

The *lis pendens* filed in this action can only survive if there is a claim "*directly* seeking to obtain title to or possession of real property," i.e. the Dillingham Ranch property (and not just a claim for damages). As established above, jurisdiction of such an *in rem* claim lies with the Washington receivership court.

Clearly, WULA's arguments are not weak.

III. THE SHORTENING OF TIME TO HEAR DEFENDANT WULA'S MOTION IS NECESSARY TO ENABLE THE SALE OF THE DILLINGHAM RANCH PROPERTY TO CLOSE

On December 28, 2004, a Stipulation and Order was filed which implemented a "Standstill Agreement."[7]

As indicated by this Stipulation, the purpose of this Standstill Agreement was to permit the parties to attempt a good faith settlement.[8]

---

*Enters.*, 866 P.2d at 967. Finding that a fair reading of the plaintiff's amended complaint therein revealed that it was predominantly a fraud and breach of contract complaint (obviously amended to allege an equitable lien) seeking damages, the Court (i) agreed that the plaintiff was not claiming title to or a right of possession of the property, (ii) determined that the *lis pendens* should have been expunged, and (iii) found that the circuit court had abused its discretion in failing to do so. Id.

[7] *See* Plaintiffs' Exhibit D. This Stipulation was further supplemented as indicated in the Second Stipulation and Order, filed October 4, 2005.  *See* Plaintiffs' Exhibit B.

[8] This Stipulation also provided that "this action shall be subject to this standstill agreement which will stay any further proceedings in this matter . . ., without prejudice to their respective claims or defenses, and/or their respective positions on issues that are raised, in this action, including, without

6

The centerpiece for the still on-going settlement discussions was, is, and remains, the sale of the Dillingham Ranch property.[9]  See Declaration of Terence S. Yamamoto.  However, the parties have not yet been able to agree upon an amount that Plaintiffs should fairly receive from the pending sale (assuming it closes), and a further settlement conference before Magistrate-Judge Kurren is scheduled for March 9, 2006.  *See* Declaration of Terence S. Yamamoto.

However, as acknowledged by Plaintiffs, the sale is currently scheduled to close on March 15, 2006, and the pending sale will not close if the *lis pendens* remains in place.  See Declaration of Terence S. Yamamoto.

---

limitation, . . ..", and that "the *lis pendens* filed in this action would only be lifted through the instant action."  See Plaintiffs' Exhibit B, at ¶¶ 1, 2.  As acknowledged by Plaintiffs in their memorandum, WULA has advised them that there is a jurisdictional issue and of its intention to seek an expungement of the *lis pendens*.

[9] Numerous conferences have been held with Magistrate-Judge Kurren since September 7, 2005. *See* Plaintiffs' Memorandum at p.8.  These conferences were held to provide detailed status reports to the Magistrate-Judge on the progress being made to achieve a sale of the Dillingham Ranch property.  At the September 7th conference, the Magistrate-Judge indicated to the parties that the standstill would be terminated and a schedule for motions, discovery and trial set, if the Court was not satisfied that satisfactory progress was being made by WULA to sell the Ranch.  Although the Standstill Agreement expired on October 12, 2005, the parties have continued to proceed in good faith towards the completion of a sale, and negotiating a fair settlement, as evidenced by the conferences with Magistrate-Judge Kurren since the October 10, 2005 conference, rather than proceeding with the litigation.

7

As indicated above, while Plaintiffs assert that this is merely an attempt by WULA to "lever" its position in settlement discussions, the converse is clearly true – Plaintiffs are also trying to "lever" their position by threatening to block a sale (unless . . .).

As was indicated to Magistrate-Judge Kurren, WULA and its Receiver is committed to making every reasonable effort to achieve a fair settlement (assuming a sale). *See* Declaration of Terence S. Yamamoto.

However, in the event such efforts are not successful, it is paramount that the Court decide the merits of the jurisdictional issue and the validity of the *lis pendens* filed by Plaintiffs prior to closing.

The *Ex Parte* Motion To Shorten Time should be granted, and WULA's Motion set for hearing after the March 9, 2006 settlement conference, and prior to the current closing date of March 15, 2006.

DATED: Honolulu, Hawaii, February 24, 2006.

_____
WARREN PRICE, III
TERENCE S. YAMAMOTO

Attorneys for Defendant
WESTERN UNITED LIFE ASSURANCE COMPANY

8