IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MOKULEIA PRESERVATION PARTNERS, L.L.C.; MALANI, INC. and MOKULEIA POLO FARMS, L.L.C., <br><br> Plaintiffs, <br><br> vs. <br><br> WESTERN UNITED LIFE ASSURANCE COMPANY, <br><br> Defendant. | CV. NO. 04-00283 DAE/BMK |

ORDER DENYING DEFENDANT'S EX PARTE MOTION TO SHORTEN TIME FOR HEARING ON DEFENDANT WESTERN UNITED LIFE ASSURANCE COMPANY'S MOTION TO DISMISS IN REM CLAIMS AND FOR EXPUNGEMENT OF NOTICE OF PENDENCY OF ACTION

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant's motion and the supporting and opposing memoranda, the Court DENIES Defendant's Ex Parte Motion to Shorten Time For Hearing on Defendant Western United Life Assurance Company's Motion to Dismiss In Rem Claims and For Expungement of Notice of Pendency of Action.

On February 16, 2006, Defendant Western United Life Assurance Company ("Defendant") filed an Ex Parte Motion to Shorten Time For Hearing on

Defendant Western United Life Assurance Company's Motion to Dismiss In Rem Claims and For Expungement of Notice of Pendency of Action ("Ex Parte Motion"). At the same time, Defendant filed a Motion to Dismiss In Rem Claims and For Expungement of Notice of Pendency of Action ("Motion to Dismiss").

Plaintiffs Mokuleia Preservation Partners, LLC, Malani, Inc. and Mokuleia Polo Farms, LLC (collectively "Plaintiffs") filed a Memorandum in Opposition to Defendant's Ex Parte Motion ("Opposition") on February 21, 2006. On February 24, 2006, Defendant filed its Reply.

In its Ex Parte Motion, Defendant seeks to shorten the time for hearing on its Motion to Dismiss because the sale of the Dillingham Ranch property involved in this litigation is presently scheduled to close on March 15, 2006. Because Plaintiff filed and recorded a lis pendens against the property, Defendant argues that its Motion to Dismiss (which also addresses the expungement of the lis pendens) must be resolved before the closing of the sale of the property.

Plaintiff counters that there is no basis for granting Defendant's Ex Parte Motion because Defendant has delayed bringing the Motion to Dismiss and that pursuant to a "Standstill Agreement", either 1) a scheduling conference

statement should have been filed before Defendant filed any motions or 2) a scheduling conference should have been set to discuss proceeding with litigation. Plaintiff also discusses the merits of Defendant's Motion to Dismiss, which the Court will not address. In its reply, Defendant reiterates the need to shorten time so that in the event the case does not settle, the sale of the property can be closed.

      The Court finds that Defendant's arguments do not warrant the shortening of time for hearing on its Motion to Dismiss. Although Defendant stresses the urgency of a determination of its Motion to Dismiss because of the March 15, 2006 closing date, Defendant has not made a showing of irreparable harm if the time is not shortened. In its papers, Defendant did not indicate that it is unable to postpone the closing date or that it will lose the buyer if the sale does not close as scheduled on March 15, 2006. The Court is therefore unable to grant Defendant's request to shorten time for hearing on the Motion to Dismiss. Accordingly, the Court DENIES Defendant's Ex Parte Motion.

      For the reasons stated above, the Court DENIES Defendant's Ex Parte Motion to Shorten Time For Hearing on Defendant Western United Life Assurance

Company's Motion to Dismiss In Rem Claims and For Expungement of Notice of Pendency of Action.

       IT IS SO ORDERED.

       DATED:  Honolulu, Hawaii, February 28, 2006.



_____
David Alan Ezra
United States District Judge

Mokuleia Preservation Partners, LLC, et al. v. Western United Life Assurance Co., CV No. 04-00283 DAE-BMK; ORDER DENYING DEFENDANT'S EX PARTE MOTION TO SHORTEN TIME FOR HEARING ON DEFENDANT WESTERN UNITED LIFE ASSURANCE COMPANY'S MOTION TO DISMISS IN REM CLAIMS AND FOR EXPUNGEMENT OF NOTICE OF PENDENCY OF ACTION