# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ................................... iii

I.   INTRODUCTION SUMMARY ............................. 1

II.  FACTUAL SUMMARY ................................... 2

III. PROCEDURAL SUMMARY ............................... 7

IV.  ARGUMENT ......................................... 9

    A.    Where the Parties Have Agreed to Submit Their Disputes to Arbitration, Controlling Ninth Circuit Precedent Holds that It Is the Forum Court which Determines Whether a Sister-State Receiver Has an Interest in Property Sufficient to Support *In Rem* Jurisdiction ... 9

    B.    Defendant, the Washington Receiver of an Insurer in Rehabilitation, Was Entitled To a 90-Day Stay of Proceedings in this Matter, not to the Status and Rights of a Liquidator as He Argues ............ 13

        1.    The Hawaii and Washington Statutory Schemes for Insurance Company Rehabilitation and Liquidation ............... 13

        2.    WULA Is in Rehabilitation, Not Liquidation, and Important Consequences Result from That Distinction ............. 14

    C.    The Washington Order of Rehabilitation Is Not Entitled to Full Faith and Credit ................................................ 22

        1.    The Issue of the Washington Court's Jurisdiction over the Property Was Not Fully and Fairly Litigated and Finally Decided in That Court, Where Plaintiffs Were Not Parties; That Court Thus Lacked Jurisdiction to Issue an Order Restraining Plaintiffs from Litigating Their Claims in this Forum. ...... 22

|   |   | 2. | The Washington Court Lacked Jurisdiction to Issue an Order Directing the Receiver to Take Possession of the Property in Hawaii . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27 |
|---|---|---|---|
|   |   | 3. | This Court's Determination of the Extent of WULA's Interest, If Any, in the Property Is a Precondition to the Existence of the Jurisdiction of the Washington Court . . . . . . . . . . . . . . . . . . . 29 |
|   | D. | | This Court Has *In Personam* Jurisdiction Over Defendant's Chief Deputy Receiver and May Order Him to Take Action with Respect to the Property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32 |
|   | E. | | The *Lis Pendens* Is Proper and not Subject to Expungement . . . . . 34 |
| V. | CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38 |

# TABLE OF AUTHORITIES

PAGE

**CASES**

Bennett v. Liberty National Fire Insurance Company, 968 F.2d 969
    (9th Cir. 1992) .................................. 10, 12, 13, 29

Bryant v. United Shortline Inc. Assurance Services, N.A., 972 S.W.2d
    26 (Tex. 1998) ........................................ 30, 31

Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963) ...... 22, 23

Hobbs v. Don Mealey Chevrolet, Inc., 642 So.2d 1149 (Fla. App. 1994) ... 20, 21

In re Allcity Insurance Company, 66 A.D.2d 531, 413 N.Y.S.2d
    929 (App. Div. 1979) ..................................... 21

Morgan Stanley Mortgage Capital, Inc. v. Insurance Commissioner of
    the State of California, 18 F.3d 790 (9th Cir. 1994) ............... 25, 26

Peine v. Murphy, 46 Haw. 233, 377 P.2d 708 (1962) ..................... 33

Quackenbush v. Allstate Insurance Co., 121 F.3d 1372 (9th Cir. 1997) .... 10, 12

Robbins v. Reliance Insurance Company, 102 S.W.2d 739
    (Tex. App. 2001) ........................................ 25

S. Utsunomiya Enterprises, Inc. v. Moomuku Country Club, 75 Haw. 480,
    866 P.2d 951 (1994) ..................................... 34, 36

Small v. Badenhop, 67 Haw. 626, 701 P.2d 647 ......................... 33

Smalls v. Weed, 293 S.C. 364, 360 S.E.2d 531 (S.C. App. 1987) ......... 18, 20

State ex rel. Dykhouse v. Edwards, 908 S.W.2d 686 (Mo. 1995) ........... 21

Tennessee v. Surety Bank, 200 F.3d 373 (5th Cir. 2000) ............... 23, 31

Underwriters National Assurance Company v. North Carolina Life and
    Accident and Health Insurance Guaranty Association, 455 U.S. 691,
    102 S.Ct. 1357, 71 L.Ed.2d 558 (1982) ........................ 25, 26

United States Department of Treasury v. Fabe, 508 U.S. 491, 113 S.Ct. 2202,
    124 L.Ed.2d 449 (1993) ...................................... 12

United States v. Balanovski, 236 F.2d 298 (2nd Cir. 1956) ................ 33

Urez Corp. v. Superior Court, 190 Cal. App.3d 1141, 235 Cal. Rptr. 837
    (Cal. App. 1987) ........................................... 36


## STATUTES AND RULES

Fed. R. Civ. P. 12 ......................................... 32

Haw. Rev. Stat. 431 ....................................... 27

Haw. Rev. Stat. 651 ....................................... 35

Haw. Rev. Stat. § 431:15 ........................... 15, 16, 17, 19, 20, 34

RCW 48 ........................................... 27, 28, 29

## TEXTS AND TREATISES

5A Wright & Miller, Federal Practice and Procedure § 1391 .............. 32