© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

968 F.2d 969
968 F.2d 969, 61 USLW 2063
**(Cite as: 968 F.2d 969)**
<YELLOW FLAG>

United States Court of Appeals,
Ninth Circuit.
Andrea BENNETT, State Auditor and Commissioner of Insurance for the State of
Montana and Liquidator of Glacier General Assurance Company in Liquidation,
Plaintiff-Appellee,
v.
LIBERTY NATIONAL FIRE INSURANCE COMPANY; J. Gordon Gaines, Inc., Defendants-Appellants.
No. 91-35292.

Argued and Submitted June 1, 1992.
Decided July 6, 1992.

Insolvent insurer's liquidator brought action against companies with which insurer had reinsurance contract and management agreement to recover payments allegedly due. Defendants removed suit and the United States District Court for the District of Montana, Charles C. Lovell, J., granted motion to remand, compelled arbitration on one count of seven-count complaint, and concluded that abstention was appropriate. Defendants appealed. The Court of Appeals, Eugene A. Wright, Circuit Judge, held that: (1) district court's order was appealable, and (2) insurer's liquidator was bound by insurer's preinsolvency agreement to arbitrate all disputes arising out of its contractual relationships.

Reversed.

West Headnotes

[1] Removal of Cases k107(9)
334k107(9)
District court's order remanding case to state court, compelling arbitration on one of seven counts of complaint and concluding that abstention was warranted was immediately appealable since order was final on issue of arbitrability, which ruling removed state court's power to order arbitration on remand.

[2] Removal of Cases k107(9)
334k107(9)
Statute providing that order remanding case to state court from which it was removed is not reviewable by appeal or otherwise precludes review only of remand orders issued pursuant to provision requiring district court to remand case when it appears that case was removed improvidently and without jurisdiction. 28 U.S.C.A. § 1447(c, d).

[3] Insurance k3272
217k3272
(Formerly 217k72.5)
Insolvent insurer's preinsolvency agreement to arbitrate all disputes arising out of its contractual relationships bound insurer's Montana liquidator because rights that liquidator sought to enforce were derived primarily from insolvent insurer's contracts rather than from Montana's insolvency statute. MCA 33-2-1308.

*969 Lawrence S. Greengrass, Michael H. Goldstein, Jeffrey B. Gold, Mound, Cotton & Wollan, New York City, Stanley Kaleczyc, Browning Kaleczyc Berry & Hoven, Helena, Mont., for defendants-

appellants.

Robert R. Throssell, Keller, Reynolds, Drake, Sternhagen & Johnson, Helena, Mont., James C. Underhill, Jr., Hugh Alexander & Associates, Denver, Colo., for plaintiff-appellee.

Appeal from the United States District Court for the District of Montana.

Before: WRIGHT, CANBY, and WIGGINS, Circuit Judges.

*970 EUGENE A. WRIGHT, Circuit Judge.

The Federal Arbitration Act requires courts to compel arbitration in actions where the parties have previously agreed to arbitrate their contractual disputes. We consider here whether an insolvent insurer's pre-insolvency agreement to arbitrate all disputes arising out of its contractual relationships binds the insurer's liquidator. Because the rights the liquidator seeks to enforce are derived primarily from the insolvent insurer's contracts rather than Montana's insolvency statute, we find it appropriate to enforce the insurer's arbitration agreement against the state liquidator.

I

Glacier, a Montana corporation, had a quota share reinsurance contract with Liberty National, an Alabama corporation, and a management agreement with Gaines, an Ohio corporation. [FN1] Both contracts had arbitration clauses. Glacier has been in liquidation since November 1985, and Bennett, as its liquidator, was authorized by an Order of Liquidation to pay claims made under Glacier policies and to collect reinsurance on those claims. Bennett demanded payments from Liberty and Gaines. Both refused to pay, alleging that Bennett sought substantially more money than Glacier would have been due if solvent. Liberty and Gaines demanded arbitration. Bennett sued both in Montana state court to recover the reinsurance and other payments.

> FN1. Gaines is now a Delaware corporation with its principal place of business in Alabama.

Defendants removed to federal court on the basis of diversity and Bennett moved to remand the action to state court. Gaines and Liberty cross-moved to dismiss or stay the proceedings and compel arbitration. The court granted the remand motion, but compelled arbitration on Count five of the seven-count complaint. It concluded that, because the case required interpretation of state law and involved matters of important state interest, it would abstain under the *Colorado River* and *Burford* doctrines.

Defendants appealed, contending that the district court abstained improperly and should have directed arbitration on all counts.

II

[1] It is a question of first impression in this circuit whether a district court's remand based on a finding of nonarbitrability followed by abstention is appealable.

[2] 28 U.S.C. § 1447(d) provides, with one exception not pertinent here, that "[a]n order remanding a case to the State court from which it was removed is not reviewable by appeal or otherwise...." Despite its all-inclusive language, that section must be read in conjunction with section 1447(c), which requires the district court to remand a

case when "it appears that the case was removed improvidently and without jurisdiction...." *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 345, 96 S.Ct. 584, 590, 46 L.Ed.2d 542 (1975). Section 1447(d) thus precludes review only of remand orders issued pursuant to section 1447(c). *Id.* at 346, 96 S.Ct. at 590.

The district court remanded on abstention grounds, rather than grounds enumerated in section 1447(c). The court did so after expressly ruling that only one of the complaint's seven counts "involves an issue which is arbitrable." Because the court's abstention-based remand decided the merits of appellants' arbitration claim, it is a final collateral order, appealable under 28 U.S.C. § 1291.

The Second Circuit has similarly held that a remand order that conclusively determines a collateral disputed question is final and appealable. *Karl Koch Erecting Co. v. New York Convention Center Development Corp.*, 838 F.2d 656 (2d Cir.1988). That case was further elaborated upon in *Corcoran v. Ardra Ins. Co. Ltd.*, 842 F.2d 31 (2d Cir.1988). Ardra, a Bermudian citizen, moved in state court to compel arbitration on the ground that its reinsurance agreements with Nassau, an insolvent United States citizen, provided for arbitration. Ardra removed to district court. That court remanded to state court, abstaining from the difficult questions of *971 state liquidation law interpretation. The district court was careful to note that it had not decided any of the disputed issues in the case, including the question of arbitrability. *Id.* at 33. The Second Circuit dismissed Ardra's appeal from the remand order, citing *Thermtron* for the proposition that the proper vehicle for review of a remand order is mandamus, not appeal.

Although the court concluded that a mandamus petition was appropriate, it distinguished the facts from cases where the remand order had the effect of conclusively determining a disputed question:

> In the present case, unlike *Karl Koch*, there is nothing conclusive about the district court's order. In *Karl Koch*, the collateral dispute was whether the merits of the litigation should be decided in state court or in federal court; the district court, in remanding the matter to state court, conclusively determined that issue. Here the collateral issue is whether the matter should be adjudicated by an arbitrator.
> The district court did not, by remanding to state court, resolve that issue.... Accordingly, we conclude that the abstention-remand order here is not a final order....

*Ardra*, 842 F.2d at 35. *Ardra* thus acknowledges that a remand order that conclusively determines an issue is final and appealable.

We have allowed an appeal of a remand order where the court's action resulted in a final determination. In *Pelleport Investors, Inc. v. Budco Quality Theaters*, 741 F.2d 273 (9th Cir.1984), we upheld appealability on the ground that the part of the district court's remand order that definitively ruled on the validity and meaning of the parties' forum-selection agreement was final under section 1291 and therefore appealable under the *Cohen* doctrine. *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949) (an order is appealable when it conclusively determines a collateral disputed question).

In the present case, the district court's abstention-based remand order was final on the issue of arbitrability, an issue upon which the court expressly ruled. Because the court's arbitrability ruling removed the state court's power to order arbitration on remand, the order was immediately appealable.

### III

[3] The appellants contend that the parties intended their arbitration clauses to encompass a liquidation dispute over asset ownership. We must determine what disputes the parties intended to arbitrate and whether this dispute fits in that category. The arbitration clause in the contract between Gaines and Glacier provides:

> It is understood and agreed that if any differences shall arise as to the interpretation or construction of any part or parts of this Agreement the question shall be submitted to arbitration.

The arbitration clause in the quota share reinsurance contract between Liberty and Glacier reads:

> Should any differences of opinion arise between the Reinsurer and Glacier General which cannot be resolved in the normal course of business with respect to the interpretation of this Contract or the performance of the respective obligations of the parties under this Contract, the difference shall be submitted to arbitration.

Both clauses are standard in the insurance industry.

The Federal Arbitration Act (FAA) has established a federal policy favoring arbitration and the courts are required to "rigorously enforce agreements to arbitrate." *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987) (quoting *Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 221, 105 S.Ct. 1238, 1242, 84 L.Ed.2d 158 (1985)). Further, "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration" with "any doubts concerning the scope of arbitrable issues ... resolved in favor of arbitration." *Moses H. Cone Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

\*972 With that standard in mind, at least three courts interpreting arbitration clauses similar to those here have permitted arbitration against a liquidator. *Schacht v. Beacon Ins. Co.*, 742 F.2d 386, 391 (7th Cir.1984) (ordering arbitration where the arbitration clause "arguably covers" the disputed issues); *Ainsworth v. Allstate Insurance Co.*, 634 F.Supp. 52 (W.D.Mo.1985); *Bernstein v. Centaur Insurance Co.*, 606 F.Supp. 98 (S.D.N.Y.1984). [FN2] In each case, the insolvent insurer did not explicitly agree to arbitrate disputes that might require interpretation of a state's liquidation statute. Nevertheless, each court compelled arbitration because the disputes arose out of the parties' pre-liquidation contracts.

> FN2. In *Bernstein*, the parties did not allege that the dispute fell outside the arbitration agreement; instead, Bernstein argued that there was no dispute at all. Nevertheless, the court concluded that there was an arbitral dispute.

Although we have not decided this issue in the liquidation context, the Ninth Circuit Bankruptcy Appellate Panel has compelled arbitration of a federal bankruptcy claim when it found that the claims against the bankrupt company arose from the parties' contractual

relationship. *Mor-Ben Ins. Mktg. Corp. v. Trident General Ins. Co.*, 73 B.R. 644 (9th Cir. BAP 1987). [FN3] The Panel said that it was the "intent of the parties upon entering the agreement to settle their disputes through arbitration." *Id.* at 647. Although the bankruptcy statute plays some role, the Panel found that the real issue was determining the "validity and amount of the insurers' claims." *Id.* Because the underlying dispute required contract interpretation, it fell within the scope of the arbitration clause.

> FN3. The arbitration clause in *Mor-Ben* provides: "All differences of whatever nature, arising out of this agreement, shall be submitted to a court of arbitration in London...." *Id.* at 646.

These arbitration clauses focus on contract interpretation and performance. Arbitration should have been ordered if the liquidator sought to enforce Glacier's contractual rights. The parties' underlying dispute over ownership of assets cannot be resolved without examining and interpreting the contract. Because this dispute is in essence a contractual one, it should be arbitrated. And because the liquidator, who stands in the shoes of the insolvent insurer, [FN4] is attempting to enforce Glacier's contractual rights, she is bound by Glacier's pre-insolvency agreements.

> FN4. Appellee contends that she is not bound by Glacier's pre-insolvency agreements. Although Montana courts have not decided this issue, those courts addressing this question have found that the liquidator stands in the insolvent's shoes. *Kemper Reinsurance Co. v. Corcoran,* 167 A.D.2d 75, 569 N.Y.S.2d 951, 954 (N.Y.App.Div.1991), *aff'd*, 79 N.Y.2d 253, 582 N.Y.S.2d 58, 590 N.E.2d 1186 (1992); *In re Allstar Ins. Corp.*, 112 Wis.2d 329, 332 N.W.2d 828 (Wis.App.1983), *appeal dismissed*, 461 U.S. 951, 103 S.Ct. 2419, 77 L.Ed.2d 1309 (1983); *Commonwealth v. Central Penn Nat'l Bank,* 31 Pa.Cmwlth. 190, 375 A.2d 874 (1977). At any rate, if the liquidator wants to enforce Glacier's rights under its contract, she must also assume its perceived liabilities.

We reach this conclusion even though we recognize that Montana has conferred on the liquidator broad jurisdiction over insurance insolvency proceedings and complete control and authority over the insolvent's assets. Mont.Code Ann. § 33-2-1308 (1991). Until the contractual dispute regarding ownership of the assets is resolved, however, the authority the Montana insolvency statute grants the liquidator does not vest. Only if a court or arbitrator determines that the funds belong to Glacier does that money become part of the estate that the liquidator will distribute.

The liquidator contends that Montana's interest in regulating insolvent insurers should outweigh the federal interest in ordering arbitration. Application of the FAA does not impair the liquidator's substantive remedy under Montana law. Instead it simply requires the liquidator to seek relief through arbitration. The liquidator has presented no evidence that enforcing the arbitration clauses here will disrupt the orderly liquidation of the insolvent insurer. Moreover, she

points to no provision in the Montana Insurance Code that prohibits the arbitration of suits involving insolvent insurers.

**\*973** Our decision in *State of Idaho ex rel. Soward v. United States*, 858 F.2d 445 (9th Cir.1988), *cert. denied*, 490 U.S. 1065, 109 S.Ct. 2063, 104 L.Ed.2d 628 (1989), further erodes the liquidator's argument that the state's interest should outweigh the federal interest in enforcing arbitration clauses. *Soward* was a creditor priority dispute.

Idaho's Director of Insurance sought a declaratory judgment that the state liquidation scheme prevailed over the federal superpriority statute because it was a regulation of the "business of insurance" under the McCarran-Ferguson Act. We said that as soon as a liquidation order is filed, neither the insurance company nor the policy holders exist any longer. All that remains is a statutory receiver and creditors of the insolvent's estate.

The priority provision regulates the relationship between a debtor and its creditors and cannot be described as regulating the "business of insurance". We concluded that the federal priority statute preempted the state statute. *Id.*; *see also Gordon v. Department of Treasury*, 846 F.2d 272 (4th Cir.), *cert. denied*, 488 U.S. 954, 109 S.Ct. 390, 102 L.Ed.2d 379 (1988); *Phillips v. Lincoln Nat'l Health and Cas. Ins. Co.*, 774 F.Supp. 1297 (D.Colo.1991) (adopting *Soward* and recognizing that though Colorado has an encompassing regulatory scheme for liquidating insolvent insurers, it does not have a law like Article 74 of the New York insurance code that establishes that the liquidation of insurance companies is the "business of insurance"); *but see Fabe v. United States Department of Treasury*, 939 F.2d 341 (6th Cir.1991), *cert. granted*, 504 U.S. 907, 112 S.Ct. 1934, 118 L.Ed.2d 541 (1992) (Ohio insurance liquidation priority statute was state regulation which protected interests of insured and was protected from federal preemption as law which regulates the "business of insurance"). Under *Soward*, once an insurer becomes insolvent, the state's interest in exclusive jurisdiction is materially reduced.

The arguments for arbitration are persuasive. Although Montana has a comprehensive insurance regulatory scheme, the liquidator is unable to show how arbitration would harm her interests or that the parties did not intend to enforce their arbitration clauses when a party became insolvent. Even if the state retains some interest in the regulation of insolvent insurers, the trend toward arbitration of controversies implicating public policy concerns such as securities and employment [FN5] paves the way for acceptance of arbitration in the liquidation setting.

> FN5. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991) (compelling arbitration of employment discrimination claim); *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987).

Our rejection of the McCarran-Ferguson presumption in liquidation proceedings in *Soward*, 858 F.2d at 455, should extend to the case before us because the liquidator is unable to explain why she is entitled to an advantage that the insolvent company whose position she now occupies did not have. Neither does she articulate how arbitration

interferes with a valid state regulatory purpose.

### IV

Because we decide that the district court erred when it failed to order arbitration, it follows that its decision to abstain was also erroneous. We find that the parties intended to arbitrate the disputes at issue here. We remand to the district court to enter an order compelling arbitration on all counts of the complaint.

REVERSED.

968 F.2d 969, 61 USLW 2063

END OF DOCUMENT