# Chapter 48.31 RCW
# Mergers, rehabilitation, liquidation, supervision

Chapter Listing

## RCW Sections

48.31.010  Merger or consolidation.

48.31.020  Definitions -- Insurer, exceeded its powers, consent.

48.31.021  Insurer -- Self-funded multiple employer welfare arrangement.

48.31.030  Rehabilitation -- Grounds.

48.31.040  Rehabilitation -- Order -- Termination.

48.31.045  Rehabilitation order against insurer -- Insurer is party to action or proceeding -- Stay the action -- Statute of limitations or defense of laches.

48.31.050  Liquidation -- Grounds.

48.31.060  Liquidation -- Order.

48.31.070  Liquidation -- Alien insurers.

48.31.080  Conservation of assets -- Foreign insurers.

48.31.090  Conservation of assets -- Alien insurers.

48.31.100  Foreign or alien insurers -- Conservation, ancillary proceedings.

48.31.105  Conduct of proceedings -- Requirement to cooperate -- Definitions -- Violations -- Penalties.

48.31.111  Commencement of delinquency proceeding by commissioner -- Jurisdiction of courts.

48.31.115  Immunity from suit and liability -- Persons entitled to protection.

48.31.121  Court order for a formal delinquency proceeding -- Commissioner may petition -- Insurer may petition for hearing and review.

48.31.125  Order of liquidation -- Termination of coverage.

48.31.131  Appointment of liquidator -- Actions at law or equity -- Statute of limitations or defense of laches.

48.31.135  Recovery from reinsurers -- Not reduced by delinquency proceedings -- Direct payment to insured.

48.31.141  Responsibility for payment of a premium -- Earned or unearned premium -- Violations -- Penalties -- Rights of party aggrieved.

48.31.145  Liquidator denies claim -- Written notice -- Objections of claimant -- Court hearing.

48.31.151  Creditor's claim against insurer is secured by other person -- Subrogated rights -- Agreements concerning distributions.

48.31.155  Unclaimed funds -- Liquidator's application for discharge -- Duties of state treasurer.

48.31.161  After termination of liquidation proceeding -- Good cause to reopen proceedings.

48.31.165  Domiciliary receiver not appointed -- Court order to liquidate -- Notice -- Domiciliary receiver appointed in other state.

48.31.171  Domiciliary liquidator -- Reciprocal state -- Nonreciprocal state -- Commissioner's duties.

48.31.175  Foreign or alien insurer -- Property located in this state -- Commissioner's discretion.

48.31.181  Liquidation proceedings -- One or more reciprocal states -- Distributions -- Special deposit claims -- Secured claims.

48.31.184  Ancillary receiver in another state or foreign country -- Failure to transfer assets.

48.31.185  Receiver's proposal to disperse assets upon liquidation -- Application for approval -- Contents of proposal -- Notice of application.

48.31.190  Commencement of proceeding -- Venue -- Effect of appellate review.

48.31.200  Injunctions.

48.31.210  Change of venue.

Appendix 3

| | |
|---|---|
| 48.31.220 | Deposit of moneys collected. |
| 48.31.230 | Exemption from filing fees. |
| 48.31.240 | Borrowing on pledge of assets. |
| 48.31.260 | Liquidation -- Date rights, liabilities fixed. |
| 48.31.270 | Voidable transfers. |
| 48.31.280 | Priority and order of distribution of claims. |
| 48.31.290 | Offsets. |
| 48.31.300 | Allowance of contingent and other claims. |
| 48.31.310 | Time to file claims. |
| 48.31.320 | Report for assessment. |
| 48.31.330 | Levy of assessment. |
| 48.31.340 | Order for payment of assessment. |
| 48.31.350 | Publication, transmittal of assessment order. |
| 48.31.360 | Judgment upon the assessment. |
| 48.31.400 | Administrative supervision -- Conditions -- Notice and hearing. |
| 48.31.405 | Administrative supervision -- Confidentiality. |
| 48.31.410 | Administrative supervision -- Standards and procedures -- Limitations on insurer. |
| 48.31.415 | Administrative supervision -- Insurer may contest. |
| 48.31.420 | Administrative supervision -- No limitation on judicial proceedings. |
| 48.31.425 | Administrative supervision -- Commissioner contacts. |
| 48.31.430 | Administrative supervision -- Chapters 48.04 and 34.05 RCW. |
| 48.31.435 | Administrative supervision -- Rules. |
| 48.31.900 | Severability -- 2005 c 432. |

## Notes:

Dissolution of business corporation: Chapter 23B.14 RCW.

Uniform insurers liquidation act: Chapter 48.99 RCW.

---

48.31.010
Merger or consolidation.

(1) Subject to the provisions of RCW 48.08.080, relating to the mutualization of stock insurers, RCW 48.09.350, relating to the conversion or reinsurance of mutual insurers, and RCW 48.10.330, relating to the consolidation or conversion of reciprocal insurers, a domestic insurer may merge or consolidate with another insurer, subject to the following conditions:

(a) The plan of merger or consolidation must be submitted to and be approved by the commissioner in advance of the merger or consolidation.

(b) The commissioner shall not approve any such plan unless, after a hearing, pursuant to such notice as the commissioner may require, he finds that it is fair, equitable, consistent with law, and that no reasonable objection exists. If the commissioner fails to approve the plan, he shall state his reasons for such failure in his order made on such hearing. The insurers involved in the merger shall bear the expense of the mailing of the notice of hearing and of the order on hearing.

(c) No director, officer, member, or subscriber of any such insurer, except as is expressly provided by the plan of merger or consolidation, shall receive any fee, commission, other compensation or valuable consideration whatsoever, for in any manner aiding, promoting or assisting in the merger or consolidation.

(d) Any merger or consolidation as to an incorporated domestic insurer shall in other respects be governed by the general laws of this state relating to business corporations. Except, that as to domestic mutual insurers, approval by two-thirds of its members who vote

thereon pursuant to such notice and procedure as was approved by the commissioner shall constitute approval of the merger or consolidation as respects the insurer's members.

(2) Reinsurance of all or substantially all of the insurance in force of a domestic insurer by another insurer shall be deemed a consolidation for the purposes of this section.

[1973 1st ex.s. c 107 § 3; 1961 c 194 § 11; 1947 c 79 § .31.01; Rem. Supp. 1947 § 45.31.01.]

**Notes:**

   **Severability -- 1973 1st ex.s. c 107:** See note following RCW 48.17.330.

---

48.31.020
Definitions ---- Insurer, exceeded its powers, consent.

(1) For the purposes of this chapter, other than as to RCW 48.31.010, and in addition to persons included under RCW 48.99.010, the term "insurer" shall be deemed to include an insurer authorized under chapter 48.05 RCW, an insurer or institution holding a certificate of exemption under RCW 48.38.010, a health care service contractor registered under chapter 48.44 RCW, and a health maintenance organization registered under chapter 48.46 RCW, as well as all persons engaged as, or purporting to be engaged as insurers, institutions issuing charitable gift annuities, health care service contractors, or health maintenance organizations in this state, and to persons in process of organization to become insurers, institutions issuing charitable gift annuities, health care service contractors, or health maintenance organizations.

(2) The definitions in this subsection apply throughout this chapter unless the context clearly requires otherwise.

(a) "Exceeded its powers" means the following conditions:

(i) The insurer has refused to permit examination of its books, papers, accounts, records, or affairs by the commissioner, his or her deputies, employees, or duly commissioned examiners as required by this title or any rules adopted by the commissioner;

(ii) A domestic insurer has unlawfully removed from this state books, papers, accounts, or records necessary for an examination of the insurer;

(iii) The insurer has failed to promptly comply with the filing of any applicable financial reports as required by this title or any rules adopted by the commissioner;

(iv) The insurer has neglected or refused to observe a lawful order of the commissioner to comply, within the time prescribed by law, with any prohibited deficiency in its applicable capital, capital stock, or surplus;

(v) The insurer is continuing to transact insurance or write business after its license has been revoked or suspended by the commissioner;

(vi) The insurer, by contract or otherwise, has unlawfully or has in violation of an order of the commissioner or with respect to a transaction to which the insurer has without first having obtained written approval of the commissioner if approval is required by law:

(A) Totally reinsured its entire outstanding business; or

(B) Merged or consolidated substantially its entire property or business with another insurer; or

(vii) The insurer engaged in any transaction in which it is not authorized to engage under this title or any rules adopted by the commissioner.

(b) "Consent" means agreement to administrative supervision by the insurer.

[2005 c 432 § 1; 1998 c 284 § 8; 1989 c 151 § 1; 1947 c 79 § .31.02; Rem. Supp. 1947 § 45.31.02.]

---

48.31.021
Insurer — Self-funded multiple employer welfare arrangement.

A self-funded multiple employer welfare arrangement, as defined in RCW 48.125.010, is an insurer under this chapter.

[2004 c 260 § 20.]

**Notes:**
**Severability -- Effective date -- 2004 c 260:** See RCW 48.125.900 and 48.125.901.

---

48.31.030
Rehabilitation — Grounds.

The commissioner may apply for an order directing him or her to rehabilitate a domestic insurer upon one or more of the following grounds: That the insurer

(1) Is insolvent; or

(2) Has refused to submit its books, records, accounts, or affairs to the reasonable examination of the commissioner; or

(3) Has failed to comply with the commissioner's order, made pursuant to law, to make good an impairment of capital (if a stock insurer) or an impairment of assets (if a mutual or reciprocal insurer) within the time prescribed by law; or

(4) Has transferred or attempted to transfer substantially its entire property or business, or has entered into any transaction the effect of which is to merge substantially its entire property or business in that of any other insurer without first having obtained the written approval of the commissioner; or

(5) Is found, after examination, to be in such condition that its further transaction of business will be hazardous to its policyholders, or to its creditors, or to its members, subscribers, or stockholders, or to the public; or

(6) Has willfully violated its charter or any law of this state; or

(7) Has an officer, director, or manager who has refused to be examined under oath, concerning its affairs, for which purpose the commissioner is authorized to conduct and to enforce by all appropriate and available means any such examination under oath in any other state or territory of the United States, in which any such officer, director, or manager may then presently be, to the full extent permitted by the laws of any such other state or territory, this special authorization considered; or

(8) Has been the subject of an application for the appointment of a receiver, trustee, custodian, or sequestrator of the insurer or of its property, or if a receiver, trustee, custodian, or sequestrator is appointed by a federal court or if such appointment is imminent; or

(9) Has consented to such an order through a majority of its directors, stockholders, members, or subscribers; or

(10) Has failed to pay a final judgment rendered against it in any state upon any insurance contract issued or assumed by it, within thirty days after the judgment became final or within thirty days after time for taking an appeal has expired, or within thirty days after dismissal of an appeal before final determination, whichever date is the later; or

(11) There is reasonable cause to believe that there has been embezzlement from the insurer, wrongful sequestration or diversion of the insurer's assets, forgery or fraud affecting the insurer, or other illegal conduct in, by, or with respect to the insurer that, if established, would endanger assets in an amount threatening the solvency of the insurer; or

(12) The insurer has failed to remove a person who in fact has executive authority in the insurer, whether an officer, manager, general agent, employee, or other person, if the person has been found after notice and hearing by the commissioner to be dishonest or untrustworthy in a way affecting the insurer's business; or

(13) Control of the insurer, whether by stock ownership or ownership or otherwise, and whether direct or indirect, is in a person or persons found after notice and hearing to be untrustworthy; or

(14) The insurer has failed to file its annual report or other financial report required by statute within the time allowed by law and, after written demand by the commissioner, has failed to give an adequate explanation immediately; or

(15) The board of directors or the holders of a majority of the shares entitled to vote, request, or consent to rehabilitation under this chapter.

[1993 c 462 § 75; 1949 c 190 § 28; 1947 c 79 § .31.03; Rem. Supp. 1949 § 45.31.03.]

**Notes:**
**Severability -- Implementation -- 1993 c 462:** See RCW 48.31B.901 and 48.31B.902.

48.31.040
Rehabilitation — Order — Termination.

(1) An order to rehabilitate a domestic insurer shall direct the commissioner forthwith to take possession of the property of the insurer and to conduct the business thereof, and to take such steps toward removal of the causes and conditions which have made rehabilitation necessary as the court may direct.

(2) If at any time the commissioner deems that further efforts to rehabilitate the insurer would be useless, he or she may apply to the court for an order of liquidation.

(3) The commissioner, or any interested person upon due notice to the commissioner, at any time may apply for an order terminating the rehabilitation proceeding and permitting the insurer to resume possession of its property and the conduct of its business, but no such order shall be granted except when, after a full hearing, the court has determined that the purposes of the proceedings have been fully accomplished.

(4) An order to rehabilitate the business of a domestic insurer, or an alien insurer domiciled in this state, shall appoint the commissioner and his or her successors in office as the rehabilitator, and shall direct the rehabilitator to immediately take possession of the assets of the insurer, and to administer them under the general supervision of the court. The filing or recording of the order with the recorder of deeds of the county in this state in which the principal business of the company is conducted, or the county in this state in which the company's principal office or place of business is located, imparts the same notice as a deed or other evidence of title duly filed or recorded with that recorder of deeds would have imparted. The order to rehabilitate the insurer by operation of law vests title to all assets of the insurer in the rehabilitator.

(5) An order issued under this section requires accountings to the court by the rehabilitator. Accountings must be done at such intervals as the court specifies in its order, but no less frequently than semiannually.

(6) Entry of an order of rehabilitation does not constitute an anticipatory breach of contracts of the insurer nor may it be grounds for retroactive revocation or retroactive cancellation of contracts of the insurer, unless the revocation or cancellation is done by the rehabilitator.

[1993 c 462 § 76; 1947 c 79 § .31.04; Rem. Supp. 1947 § 45.31.04.]

**Notes:**
    **Severability -- Implementation -- 1993 c 462:** See RCW 48.31B.901 and 48.31B.902.

---

48.31.045
Rehabilitation order against insurer — Insurer is party to action or proceeding — Stay the action — Statute of limitations or defense of laches.

(1) A court in this state before which an action or proceeding in which the insurer is a party, or is obligated to defend a party, is pending when a rehabilitation order against the insurer is entered shall stay the action or proceeding for ninety days and such additional time as is necessary for the rehabilitator to obtain proper representation and prepare for further proceedings. The rehabilitator shall take such action respecting the pending litigation as he or she deems necessary in the interests of justice and for the protection of creditors, policyholders, and the public. The rehabilitator shall immediately consider all litigation pending outside this state and shall petition the courts having jurisdiction over that litigation for stays whenever necessary to protect the estate of the insurer.

(2) A statute of limitations or defense of laches does not run with respect to an action by or against an insurer between the filing of a petition for appointment of a rehabilitator for that insurer and the order granting or denying that petition. An action against the insurer that might have been commenced when the petition was filed may be commenced for at least sixty days after the order of rehabilitation is entered or the petition is denied. The rehabilitator may, upon an order for rehabilitation, within one year or such other longer time as applicable law may permit, institute an action or proceeding on behalf of the insurer upon a cause of action against which the period of limitation fixed by applicable law has not expired at the time of the filing of the petition upon which the order is entered.

(3) A guaranty association or foreign guaranty association covering life or health insurance or annuities has standing to appear in a court proceeding concerning the rehabilitation of a life or health insurer if the association is or may become liable to act as a result of the rehabilitation.

[1993 c 462 § 77.]

**Notes:**

**Severability -- Implementation -- 1993 c 462:** See RCW 48.31B.901 and 48.31B.902.

48.31.050
Liquidation — Grounds.

The commissioner may apply for an order directing him to liquidate the business of a domestic insurer or of the United States branch of an alien insurer having trusteed assets in this state, regardless of whether or not there has been a prior order directing him to rehabilitate such insurer, upon any of the grounds specified in RCW 48.31.030 or upon any one or more of the following grounds: That the insurer

(1) Has ceased transacting business for a period of one year; or

(2) Is an insolvent insurer and has commenced voluntary liquidation or dissolution, or attempts to commence or prosecute any action or proceeding to liquidate its business or affairs, or to dissolve its corporate charter, or to procure the appointment of a receiver, trustee, custodian, or sequestrator under any law except this code; or

(3) Has not organized or completed its organization and obtained a certificate of authority as an insurer prior to the expiration or revocation of its solicitation permit.

[1947 c 79 § .31.05; Rem. Supp. 1947 § 45.31.05.]

48.31.060
Liquidation — Order.

(1) An order to liquidate the business of a domestic insurer shall direct the commissioner forthwith to take possession of the property of the insurer, to liquidate its business, to deal with the insurer's property and business in his own name as commissioner or in the name of the insurer as the court may direct, to give notice to all creditors who may have claims against the insurer to present such claims.

(2) The commissioner may apply under this chapter for an order dissolving the corporate existence of a domestic insurer:

(a) Upon his application for an order of liquidation of such insurer, or at any time after such order has been granted; or

(b) Upon the grounds specified in item (3) of RCW 48.31.050, regardless of whether an order of liquidation is sought or has been obtained.

[1947 c 79 § .31.06; Rem. Supp. 1947 § 45.31.06.]

48.31.070
Liquidation — Alien insurers.

An order to liquidate the business of the United States branch of an alien insurer having trusteed assets in this state shall be in the same terms as those prescribed for domestic insurers, except that only the assets of the business of such United States branch shall be included therein.

[1947 c 79 § .31.07; Rem. Supp. 1947 § 45.31.07.]

48.31.080
Conservation of assets — Foreign insurers.

The commissioner may apply for an order directing him to conserve the assets within this state of a foreign insurer upon any one or more of the following grounds:

(1) Upon any of the grounds specified in items (1) to (9) inclusive of RCW 48.31.030 and in item (2) of RCW 48.31.050.

(2) That its property has been sequestered in its domiciliary sovereignty or in any other sovereignty.

[1947 c 79 § .31.08; Rem. Supp. 1947 § 45.31.08.]

**48.31.090**
**Conservation of assets — Alien insurers.**

The commissioner may apply for an order directing him to conserve the assets within this state of an alien insurer upon any one or more of the following grounds:

(1) Upon any of the grounds specified in items (1) to (9) inclusive of RCW 48.31.030 and in item (2) of RCW 48.31.050; or

(2) That the insurer has failed to comply, within the time designated by the commissioner, with an order of the commissioner pursuant to law to make good an impairment of its trusteed funds; or

(3) That the property of the insurer has been sequestered in its domiciliary sovereignty or elsewhere.

[1947 c 79 § .31.09; Rem. Supp. 1947 § 45.31.09.]

**48.31.100**
**Foreign or alien insurers — Conservation, ancillary proceedings.**

(1) An order to conserve the assets of a foreign or alien insurer must direct the commissioner immediately to take possession of the property of the insurer within this state and to conserve it, subject to the further direction of the court.

(2) Whenever a domiciliary receiver is appointed for a foreign or alien insurer in its domiciliary state that is also a reciprocal state, as defined in RCW 48.99.010, the court shall on application of the commissioner appoint the commissioner as the ancillary receiver in this state, subject to the provisions of the uniform insurers liquidation act.

[2005 c 223 § 23; 1947 c 79 § .31.10; Rem. Supp. 1947 § 45.31.10.]

**48.31.105**
**Conduct of proceedings — Requirement to cooperate — Definitions — Violations — Penalties.**

(1) An officer, manager, director, trustee, owner, employee, or agent of an insurer or other person with authority over or in charge of a segment of the insurer's affairs shall cooperate with the commissioner in a proceeding under this chapter or an investigation preliminary to the proceeding. The term "person" as used in this section includes a person who exercises control directly or indirectly over activities of the insurer through a holding company or other affiliate of the insurer. "To cooperate" as used in this section includes the following:

(a) To reply promptly in writing to an inquiry from the commissioner requesting such a reply; and

(b) To make available to the commissioner books, accounts, documents, or other records or information or property of or pertaining to the insurer and in his or her possession, custody, or control.

(2) A person may not obstruct or interfere with the commissioner in the conduct of a delinquency proceeding or an investigation preliminary or incidental thereto.

(3) This section does not abridge existing legal rights, including the right to resist a petition for liquidation or other delinquency proceedings, or other orders.

(4) A person included within subsection (1) of this section who fails to cooperate with the commissioner, or a person who obstructs or interferes with the commissioner in the conduct of a delinquency proceeding or an investigation preliminary or incidental thereto, or who violates an order the commissioner issued validly under this chapter may:

(a) Be guilty of a gross misdemeanor and sentenced to pay a fine not exceeding ten thousand dollars or to undergo imprisonment for a term of not more than one year, or both; or

(b) After a hearing, be subject to the imposition by the commissioner of a civil penalty not to exceed ten thousand dollars and be subject further to the revocation or suspension of insurance licenses issued by the commissioner.

[2003 c 53 § 272; 1993 c 462 § 58.]

**Notes:**

   **Intent -- Effective date -- 2003 c 53:** See notes following RCW 2.48.180.

   **Severability -- Implementation -- 1993 c 462:** See RCW 48.31B.901 and 48.31B.902.

---

**48.31.111**
Commencement of delinquency proceeding by commissioner — Jurisdiction of courts.

(1) A delinquency proceeding may not be commenced under this chapter by anyone other than the commissioner of this state, and no court has jurisdiction to entertain a proceeding commenced by another person.

   (2) No court of this state has jurisdiction to entertain a complaint praying for the dissolution, liquidation, rehabilitation, sequestration, conservation, or receivership of an insurer, or praying for an injunction or restraining order or other relief preliminary to, incidental to, or relating to the proceedings, other than in accordance with this chapter.

   (3) In addition to other grounds for jurisdiction provided by the law of this state, a court of this state having jurisdiction of the subject matter has jurisdiction over a person served under the rules of civil procedure or other applicable provisions of law in an action brought by the receiver of a domestic insurer or an alien insurer domiciled in this state:

   (a) If the person served is an agent, broker, or other person who has written policies of insurance for or has acted in any manner on behalf of an insurer against which a delinquency proceeding has been instituted, in an action resulting from or incident to such a relationship with the insurer;

   (b) If the person served is a reinsurer who has entered into a contract of reinsurance with an insurer against which a delinquency proceeding has been instituted, or is an agent or broker of or for the reinsurer, in an action on or incident to the reinsurance contract;

   (c) If the person served is or has been an officer, director, manager, trustee, organizer, promoter, or other person in a position of comparable authority or influence over an insurer against which a delinquency proceeding has been instituted, in an action resulting from or incident to such a relationship with the insurer;

   (d) If the person served is or was at the time of the institution of the delinquency proceeding against the insurer holding assets in which the receiver claims an interest on behalf of the insurer, in an action concerning the assets; or

   (e) If the person served is obligated to the insurer in any way, in an action on or incident to the obligation.

   (4) If the court on motion of a party finds that an action should as a matter of substantial justice be tried in a forum outside this state, the court may enter an appropriate order to stay further proceedings on the action in this state.

[2003 c 248 § 11; 1993 c 462 § 59.]

**Notes:**

   **Severability -- Implementation -- 1993 c 462:** See RCW 48.31B.901 and 48.31B.902.

---

**48.31.115**
Immunity from suit and liability — Persons entitled to protection.

(1) The persons entitled to protection under this section are:

   (a) The commissioner and any other receiver or administrative supervisor responsible for conducting a delinquency proceeding under this chapter, including present and former commissioners, administrative supervisors, and receivers; and

   (b) The commissioner's employees, meaning all present and former special deputies and assistant special deputies and special receivers and special administrative supervisors appointed by the commissioner and all persons whom the commissioner, special deputies, or assistant special deputies have employed to assist in a delinquency proceeding under this chapter. Attorneys, accountants,

auditors, and other professional persons or firms who are retained as independent contractors, and their employees, are not considered employees of the commissioner for purposes of this section.

(2) The commissioner and the commissioner's employees are immune from suit and liability, both personally and in their official capacities, for a claim for damage to or loss of property or personal injury or other civil liability caused by or resulting from an alleged act or omission of the commissioner or an employee arising out of or by reason of his or her duties or employment. However, nothing in this subsection may be construed to hold the commissioner or an employee immune from suit or liability for any damage, loss, injury, or liability caused by the intentional or willful and wanton misconduct of the commissioner or an employee.

(3) If a legal action is commenced against the commissioner or an employee, whether against him or her personally or in his or her official capacity, alleging property damage, property loss, personal injury, or other civil liability caused by or resulting from an alleged act or omission of the commissioner or an employee arising out of or by reason of his or her duties or employment, the commissioner and any employee shall be indemnified from the assets of the insurer for all expenses, attorneys' fees, judgments, settlements, decrees, or amounts due and owing or paid in satisfaction of or incurred in the defense of the legal action unless it is determined upon a final adjudication on the merits that the alleged act or omission of the commissioner or employee giving rise to the claim did not arise out of or by reason of his or her duties or employment, or was caused by intentional or willful and wanton misconduct.

(a) Attorneys' fees and related expenses incurred in defending a legal action for which immunity or indemnity is available under this section shall be paid from the assets of the insurer, as they are incurred, in advance of the final disposition of such action upon receipt of an undertaking by or on behalf of the commissioner or employee to repay the attorneys' fees and expenses if it is ultimately determined upon a final adjudication on the merits and that the commissioner or employee is not entitled to immunity or indemnity under this section.

(b) Any indemnification under this section is an administrative expense of the insurer.

(c) In the event of an actual or threatened litigation against the commissioner or an employee for which immunity or indemnity may be available under this section, a reasonable amount of funds that in the judgment of the commissioner may be needed to provide immunity or indemnity shall be segregated and reserved from the assets of the insurer as security for the payment of indemnity until all applicable statutes of limitation have run or all actual or threatened actions against the commissioner or an employee have been completely and finally resolved, and all obligations of the insurer and the commissioner under this section have been satisfied.

(d) In lieu of segregation and reserving of funds, the commissioner may obtain a surety bond or make other arrangements that will enable the commissioner to secure fully the payment of all obligations under this section.

(4) If a legal action against an employee for which indemnity may be available under this section is settled before final adjudication on the merits, the insurer shall pay the settlement amount on behalf of the employee, or indemnify the employee for the settlement amount, unless the commissioner determines:

(a) That the claim did not arise out of or by reason of the employee's duties or employment; or

(b) That the claim was caused by the intentional or willful and wanton misconduct of the employee.

(5) In a legal action in which the commissioner is a defendant, that portion of a settlement relating to the alleged act or omission of the commissioner is subject to the approval of the court before which the delinquency proceeding is pending. The court may not approve that portion of the settlement if it determines:

(a) That the claim did not arise out of or by reason of the commissioner's duties or employment; or

(b) That the claim was caused by the intentional or willful and wanton misconduct of the commissioner.

(6) Nothing in this section removes or limits an immunity, indemnity, benefit of law, right, or defense otherwise available to the commissioner, an employee, or any other person, not an employee under subsection (1)(b) of this section, who is employed by or in the office of the commissioner or otherwise employed by the state.

(7)(a) Subsection (2) of this section applies to any suit based in whole or in part on an alleged act or omission that takes place on or after July 25, 1993.

(b) No legal action lies against the commissioner or an employee based in whole or in part on an alleged act or omission that took place before July 25, 1993, unless suit is filed and valid service of process is obtained within twelve months after July 25, 1993.

(c) Subsections (3), (4), and (5) of this section apply to a suit that is pending on or filed after July 25, 1993, without regard to when the alleged act or omission took place.

[2005 c 432 § 2; 1993 c 462 § 60.]

**Notes:**

Case 1:04-cv-00286-REL-BMK Document 57-12 Filed 04/16/2006 Page 10 of 25

**Severability -- Implementation -- 1993 c 462:** See RCW 48.31B.901 and 48.31B.902.

---

**48.31.121**
Court order for a formal delinquency proceeding — Commissioner may petition — Insurer may petition for hearing and review.

(1) The commissioner may petition the court alleging, with respect to a domestic insurer:

(a) That there exists a ground that would justify a court order for a formal delinquency proceeding against an insurer under this chapter;

(b) That the interests of policyholders, creditors, or the public will be endangered by delay; and

(c) The contents of an order deemed necessary by the commissioner.

(2) Upon a filing under subsection (1) of this section, the court may issue forthwith, ex parte and without a hearing, the requested order that shall: Direct the commissioner to take possession and control of all or a part of the property, books, accounts, documents, and other records of an insurer, and of the premises occupied by it for transaction of its business; and until further order of the court enjoin the insurer and its officers, managers, agents, and employees from disposition of its property and from the transaction of its business except with the written consent of the commissioner.

(3) The court shall specify in the order what the order's duration shall be, which shall be such time as the court deems necessary for the commissioner to ascertain the condition of the insurer. On motion of either party or on its own motion, the court may from time to time hold hearings it deems desirable after such notice as it deems appropriate, and may extend, shorten, or modify the terms of the seizure order. The court shall vacate the seizure order if the commissioner fails to commence a formal proceeding under this chapter after having had a reasonable opportunity to do so. An order of the court pursuant to a formal proceeding under this chapter vacates the seizure order.

(4) Entry of a seizure order under this section does not constitute an anticipatory breach of a contract of the insurer.

(5) An insurer subject to an ex parte order under this section may petition the court at any time after the issuance of an order under this section for a hearing and review of the order. The court shall hold the hearing and review not more than fifteen days after the request. A hearing under this subsection may be held privately in chambers, and it must be so held if the insurer proceeded against so requests.

(6) If, at any time after the issuance of an order under this section, it appears to the court that a person whose interest is or will be substantially affected by the order did not appear at the hearing and has not been served, the court may order that notice be given. An order that notice be given does not stay the effect of an order previously issued by the court.

[1993 c 462 § 61.]

**Notes:**
    **Severability -- Implementation -- 1993 c 462:** See RCW 48.31B.901 and 48.31B.902.

---

**48.31.125**
Order of liquidation — Termination of coverage.

(1) All policies, including bonds and other noncancellable business, other than life or health insurance or annuities, in effect at the time of issuance of an order of liquidation continue in force only until the earliest of:

(a) The end of a period of thirty days from the date of entry of the liquidation order;

(b) The expiration of the policy coverage;

(c) The date when the insured has replaced the insurance coverage with equivalent insurance in another insurer or otherwise terminated the policy;

(d) The liquidator has effected a transfer of the policy obligation; or

(e) The date proposed by the liquidator and approved by the court to cancel coverage.

(2) An order of liquidation terminates coverages at the time specified in subsection (1) of this section for purposes of any other statute.

(3) Policies of life or health insurance or annuities shall continue in force for the period and under the terms provided by an applicable guaranty association or foreign guaranty association.

(4) Policies of life or health insurance or annuities or a period or coverage of the policies not covered by a guaranty association or foreign guaranty association shall terminate under subsections (1) and (2) of this section.

[1993 c 462 § 62.]

**Notes:**
    **Severability -- Implementation -- 1993 c 462:** See RCW 48.31B.901 and 48.31B.902.

---

48.31.131
Appointment of liquidator — Actions at law or equity — Statute of limitations or defense of laches.

(1) Upon issuance of an order appointing a liquidator of a domestic insurer or of an alien insurer domiciled in this state, an action at law or equity or in arbitration may not be brought against the insurer or liquidator, whether in this state or elsewhere, nor may such an existing action be maintained or further presented after issuance of the order. The courts of this state shall give full faith and credit to injunctions against the liquidator or the company when the injunctions are included in an order to liquidate an insurer issued under laws in other states corresponding to this subsection. Whenever, in the liquidator's judgment, protection of the estate of the insurer necessitates intervention in an action against the insurer that is pending outside this state, the liquidator may intervene in the action. The liquidator may defend an action in which he or she intervenes under this section at the expense of the estate of the insurer.

(2) The liquidator may, upon or after an order for liquidation, within two years or such other longer time as applicable law may permit, institute an action or proceeding on behalf of the estate of the insurer upon a cause of action against which the period of limitation fixed by applicable law has not expired at the time of the filing of the petition upon which the order is entered. Where, by an agreement, a period of limitation is fixed for instituting a suit or proceeding upon a claim, or for filing a claim, proof of claim, proof of loss, demand, notice, or the like, or where in a proceeding, judicial or otherwise, a period of limitation is fixed, either in the proceeding or by applicable law, for taking an action, filing a claim or pleading, or doing an act, and where in such a case the period had not expired at the date of the filing of the petition, the liquidator may, for the benefit of the estate, take such action or do such an act, required of or permitted to the insurer, within a period of one hundred eighty days after the entry of an order for liquidation, or within such further period as is shown to the satisfaction of the court not to be unfairly prejudicial to the other party.

(3) A statute of limitation or defense of laches does not run with respect to an action against an insurer between the filing of a petition for liquidation against an insurer and the denial of the petition. An action against the insurer that might have been commenced when the petition was filed may be commenced for at least sixty days after the petition is denied.

(4) A guaranty association or foreign guaranty association has standing to appear in a court proceeding concerning the liquidation of an insurer if the association is or may become liable to act as a result of the liquidation.

[1993 c 462 § 63.]

**Notes:**
    **Severability -- Implementation -- 1993 c 462:** See RCW 48.31B.901 and 48.31B.902.

---

48.31.135
Recovery from reinsurers — Not reduced by delinquency proceedings — Direct payment to insured.

The amount recoverable by the commissioner from reinsurers may not be reduced as a result of the delinquency proceedings, regardless of any provision in the reinsurance contract or other agreement except as provided in RCW 48.31.290. Payment made directly to an insured or other creditor does not diminish the reinsurer's obligation to the insurer's estate except when the reinsurance contract provided for direct coverage of a named insured and the payment was made in discharge of that obligation.

[1993 c 462 § 64.]

**Notes:**
    **Severability -- Implementation -- 1993 c 462:** See RCW 48.31B.901 and 48.31B.902.

48.31.141

Responsibility for payment of a premium — Earned or unearned premium — Violations — Penalties — Rights of party aggrieved.

(1)(a) An agent, broker, premium finance company, or any other person, other than the policy owner or the insured, responsible for the payment of a premium is obligated to pay any unpaid premium for the full policy term due the insurer at the time of the declaration of insolvency, whether earned or unearned, as shown on the records of the insurer. The liquidator also has the right to recover from the person a part of an unearned premium that represents commission of the person. Credits or setoffs or both may not be allowed to an agent, broker, or premium finance company for amounts advanced to the insurer by the agent, broker, or premium finance company on behalf of, but in the absence of a payment by, the policy owner or the insured.

(b) Notwithstanding (a) of this subsection, the agent, broker, premium finance company, or other person is not liable for uncollected unearned premium of the insurer. A presumption exists that the premium as shown on the books of the insurer is collected, and the burden is upon the agent, broker, premium finance company, or other person to demonstrate by a preponderance of the evidence that the unearned premium was not actually collected. For purposes of this subsection, "unearned premium" means that portion of an insurance premium covering the unexpired term of the policy or the unexpired period of the policy period.

(c) An insured is obligated to pay any unpaid earned premium due the insurer at the time of the declaration of insolvency, as shown on the records of the insurer.

(2) Upon a violation of this section, the commissioner may pursue either one or both of the following courses of action:

(a) Suspend or revoke or refuse to renew the licenses of the offending party or parties;

(b) Impose a penalty of not more than one thousand dollars for each violation.

(3) Before the commissioner may take an action as set forth in subsection (2) of this section, he or she shall give written notice to the person accused of violating the law, stating specifically the nature of the alleged violation, and fixing a time and place, at least ten days thereafter, when a hearing on the matter shall be held. After the hearing, or upon failure of the accused to appear at the hearing, the commissioner, if he or she finds a violation, shall impose those penalties under subsection (2) of this section that he or she deems advisable.

(4) When the commissioner takes action in any or all of the ways set out in subsection (2) of this section, the party aggrieved has the rights granted under the Administrative Procedure Act, chapter 34.05 RCW.

[1993 c 462 § 65.]

**Notes:**

**Severability -- Implementation -- 1993 c 462:** See RCW 48.31B.901 and 48.31B.902.

48.31.145

Liquidator denies claim — Written notice — Objections of claimant — Court hearing.

(1) When the liquidator denies a claim in whole or in part, the liquidator shall give written notice of the determination to the claimant or the claimant's attorney by first class mail at the address shown in the proof of claim. Within sixty days from the mailing of the notice, the claimant may file his or her objections with the liquidator. If no such filing is made, the claimant may not further object to the determination.

(2) Whenever the claimant files objections with the liquidator and the liquidator does not alter his or her denial of the claim as a result of the objections, the liquidator shall ask the court for a hearing as soon as practicable and give notice of the hearing by first class mail to the claimant or the claimant's attorney and to other persons directly affected, not less than ten nor more than thirty days before the date of the hearing. The matter may be heard by the court or by a court-appointed referee who shall submit findings of fact along with his or her recommendation.

[1993 c 462 § 66.]

**Notes:**

**Severability -- Implementation -- 1993 c 462:** See RCW 48.31B.901 and 48.31B.902.

**48.31.151**
Creditor's claim against insurer is secured by other person — Subrogated rights — Agreements concerning distributions.

Whenever a creditor whose claim against an insurer is secured, in whole or in part, by the undertaking of another person, fails to prove and file that claim, the other person may do so in the creditor's name, and is subrogated to the rights of the creditor, whether the claim has been filed by the creditor or by the other person in the creditor's name, to the extent that he or she discharges the undertaking. In the absence of an agreement with the creditor to the contrary, the other person is not entitled to a distribution until the amount paid to the creditor on the undertaking plus the distributions paid on the claim from the insurer's estate to the creditor equals the amount of the entire claim of the creditor. The creditor shall hold any excess received by him or her in trust for the other person. The term "other person" as used in this section does not apply to a guaranty association or foreign guaranty association.

[1993 c 462 § 67.]

**Notes:**
     **Severability -- Implementation -- 1993 c 462:** See RCW 48.31B.901 and 48.31B.902.

**48.31.155**
Unclaimed funds — Liquidator's application for discharge — Duties of state treasurer.

Unclaimed funds subject to distribution remaining in the liquidator's hands when he or she is ready to apply to the court for discharge, including the amount distributable to a person who is unknown or cannot be found, shall be deposited with the state treasurer, and shall be paid without interest to the person entitled to them or his or her legal representative upon proof satisfactory to the state treasurer of his or her right to them. An amount on deposit not claimed within six years from the discharge of the liquidator is deemed to have been abandoned and shall be escheated without formal escheat proceedings and be deposited with the state treasurer.

[1993 c 462 § 68.]

**Notes:**
     **Severability -- Implementation -- 1993 c 462:** See RCW 48.31B.901 and 48.31B.902.

**48.31.161**
After termination of liquidation proceeding — Good cause to reopen proceedings.

After the liquidation proceeding has been terminated and the liquidator discharged, the commissioner or other interested party may at any time petition the court to reopen the proceedings for good cause, including the discovery of additional assets. If the court is satisfied that there is justification for reopening, it shall so order.

[1993 c 462 § 69.]

**Notes:**
     **Severability -- Implementation -- 1993 c 462:** See note following RCW 48.31B.901 and 48.31B.902.

**48.31.165**
Domiciliary receiver not appointed — Court order to liquidate — Notice — Domiciliary receiver appointed in other state.

(1) If no domiciliary receiver has been appointed, the commissioner may apply to the court for an order directing him or her to liquidate the assets found in this state of a foreign insurer or an alien insurer not domiciled in this state, on any of the grounds stated in: RCW 48.31.030, except subsection (10) of that section; 48.31.050(2); or 48.31.080.

     (2) When an order is sought under subsection (1) of this section, the court shall cause the insurer to be given thirty days' notice and time to respond, or a lesser period reasonable under the circumstances.

     (3) If it appears to the court that the best interests of creditors, policyholders, and the public require, the court may issue an order to liquidate in whatever terms it deems appropriate. The filing or recording of the order with the recorder of deeds of the county in which the principal business of the company in this state is located or the county in which its principal office or place of business in this state is located, imparts the same notice as a deed or other evidence of title duly filed or recorded with that recorder of deeds would have imparted.

Chapter 48.31 RCW: Merger Rehabilitation Liquidation Chapter 57-112/apps.leg.wa.gov/.../default.aspx?cite=48.31&full=true

Case 1:04-cv-00283-BMK    Document 57-12    Filed 04/07/2006    Page 14 of 25

(4) If a domiciliary liquidator is appointed in a reciprocal state while a liquidation is proceeding under this section, the liquidator under this section shall thereafter act as ancillary receiver under RCW 48.99.030. If a domiciliary liquidator is appointed in a nonreciprocal state while a liquidation is proceeding under this section, the liquidator under this section may petition the court for permission to act as ancillary receiver under RCW 48.99.030.

(5) On the same grounds as are specified in subsection (1) of this section, the commissioner may petition an appropriate federal court to be appointed receiver to liquidate that portion of the insurer's assets and business over which the court will exercise jurisdiction, or any lesser part thereof that the commissioner deems desirable for the protection of policyholders, creditors, and the public in this state.

(6) The court may order the commissioner, when he or she has liquidated the assets of a foreign or alien insurer under this section, to pay claims of residents of this state against the insurer under those rules on the liquidation of insurers under this chapter that are otherwise compatible with this section.

[1993 c 462 § 70.]

**Notes:**

    **Severability -- Implementation -- 1993 c 462:** See RCW 48.31B.901 and 48.31B.902.

---

48.31.171
Domiciliary liquidator — Reciprocal state — Nonreciprocal state — Commissioner's duties.

(1) Except as to special deposits and security on secured claims under RCW 48.99.030(2), the domiciliary liquidator of an insurer domiciled in a reciprocal state is vested by operation of law with the title to all of the assets, property, contracts, and rights of action, agents' balances, and all the books, accounts, and other records of the insurer located in this state. The date of vesting is the date of the filing of the petition, if that date is specified by the domiciliary law for the vesting of property in the domiciliary state. Otherwise, the date of vesting is the date of entry of the order directing possession to be taken. The domiciliary liquidator has the immediate right to recover balances due from agents and to obtain possession of the books, accounts, and other records of the insurer located in this state. The domiciliary liquidator also has the right to recover all other assets of the insurer located in this state, subject to RCW 48.99.030.

(2) If a domiciliary liquidator is appointed for an insurer not domiciled in a reciprocal state, the commissioner of this state is vested by operation of law with the title to all of the property, contracts, and rights of action, and all the books, accounts, and other records of the insurer located in this state, at the same time that the domiciliary liquidator is vested with title in the domicile. The commissioner of this state may petition for a conservation or liquidation order under RCW 48.31.100 or 48.99.030, or for an ancillary receivership under RCW 48.99.030, or after approval by the court may transfer title to the domiciliary liquidator, as the interests of justice and the equitable distribution of the assets require.

(3) Claimants residing in this state may file claims with the liquidator or ancillary receiver, if any, in this state or with the domiciliary liquidator, if the domiciliary law permits. The claims must be filed on or before the last date fixed for the filing of claims in the domiciliary liquidation proceedings.

[1993 c 462 § 71.]

**Notes:**

    **Severability -- Implementation -- 1993 c 462:** See RCW 48.31B.901 and 48.31B.902.

---

48.31.175
Foreign or alien insurer — Property located in this state — Commissioner's discretion.

The commissioner in his or her sole discretion may institute proceedings under RCW 48.31.121 at the request of the commissioner or other appropriate insurance official of the domiciliary state of a foreign or alien insurer having property located in this state.

[1993 c 462 § 72.]

**Notes:**

    **Severability -- Implementation -- 1993 c 462:** See RCW 48.31B.901 and 48.31B.902.

3/1/2006 2:28 PM

48.31.181
Liquidation proceedings — One or more reciprocal states — Distributions — Special deposit claims — Secured claims.

(1) In a liquidation proceeding in this state involving one or more reciprocal states, the order of distribution of the domiciliary state controls as to claims of residents of this and reciprocal states. Claims of residents of reciprocal states shall be given equal priority of payment from general assets regardless of where the assets are located.

(2) The owners of special deposit claims against an insurer for which a liquidator is appointed in this or any other state shall be given priority against the special deposits in accordance with the statutes governing the creation and maintenance of the deposits. If there is a deficiency in a deposit, so that the claims secured by it are not fully discharged from it, the claimants may share in the general assets, but the sharing shall be deferred until general creditors, and also claimants against other special deposits who have received smaller percentages from their respective special deposits, have been paid percentages of their claims equal to the percentage paid from the special deposit.

(3) The owner of a secured claim against an insurer for which a liquidator has been appointed in this or another state may surrender his or her security and file his or her claim as a general creditor, or the claim may be discharged by resort to the security, in which case the deficiency, if any, shall be treated as a claim against the general assets of the insurer on the same basis as claims of unsecured creditors.

[1993 c 462 § 73.]

**Notes:**
    **Severability -- Implementation -- 1993 c 462:** See RCW 48.31B.901 and 48.31B.902.

48.31.184
Ancillary receiver in another state or foreign country — Failure to transfer assets.

If an ancillary receiver in another state or foreign country, whether called by that name or not, fails to transfer to the domiciliary liquidator in this state assets within his or her control other than special deposits, diminished only by the expenses of the ancillary receivership, if any, then the claims filed in the ancillary receivership, other than special deposit claims or secured claims, shall be placed in the class of claims under RCW 48.31.280(8).

[2003 c 248 § 12; 1993 c 462 § 74.]

**Notes:**
    **Severability -- Implementation -- 1993 c 462:** See RCW 48.31B.901 and 48.31B.902.

48.31.185
Receiver's proposal to disperse assets upon liquidation — Application for approval — Contents of proposal — Notice of application.

(1) Within one hundred twenty days of a final determination of insolvency of an insurer and order of liquidation by a court of competent jurisdiction of this state, the receiver shall make application to the court for approval of a proposal to disperse assets out of that insurer's marshalled assets from time to time as assets become available to the Washington insurance guaranty association and the Washington life and disability insurance guaranty association and to any entity or person performing a similar function in another state. For purposes of this section, "associations" means the Washington insurance guaranty association and the Washington life and disability insurance guaranty association and any entity or person performing a similar function in other states.

(2) Such a proposal must at least include provisions for:

(a) Reserving amounts for the payment of claims falling within the priorities established in RCW 48.31.280;

(b) Disbursement of the assets marshalled to date and subsequent disbursements of assets as they become available;

(c) Equitable allocation of disbursements to each of the associations entitled thereto;

(d) The securing by the receiver from each of the associations entitled to disbursements pursuant to this section an agreement to return to the receiver assets previously disbursed that are required to pay claims of secured creditors and claims falling within the priorities established in RCW 48.31.280. A bond is not required of any association; and

(e) A full report by the association to the receiver accounting for all assets so disbursed to the association, all disbursements made therefrom, any interest earned by the association on those assets, and any other matters as the court may direct.

(3) The receiver's proposal must provide for disbursements to the associations in amounts estimated at least equal to the claim payments made or to be made thereby for which such associations could assert a claim against the receiver, and must further provide that if assets available for disbursement from time to time do not equal or exceed the amount of the claim payments made or to be made by the associations then disbursements must be in the amount of available assets.

(4) The receiver's proposal shall, with respect to an insolvent insurer writing life insurance, disability insurance, or annuities, provide for disbursements of assets to the Washington life and disability insurance guaranty association or to any other entity or organization reinsuring, assuming, or guaranteeing policies or contracts of insurance under the provisions of the Washington life and disability insurance guaranty association act.

(5) Notice of an application must be given to the associations in and to the commissioners of insurance of each of the states. Notice is effected when deposited in the United States certified mails, first class postage prepaid, at least thirty days prior to submission of the application to the court.

[2003 c 248 § 13; 1975-'76 2nd ex.s. c 109 § 10.]

---

48.31.190
Commencement of proceeding — Venue — Effect of appellate review.

(1) Proceedings under this chapter involving a domestic insurer shall be commenced in the superior court for the county in which is located the insurer's home office or, at the election of the commissioner, in the superior court for Thurston county. Proceedings under this chapter involving other insurers shall be commenced in the superior court for Thurston county.

(2) The commissioner shall commence any such proceeding, the attorney general representing him, by an application to the court or to any judge thereof, for an order directing the insurer to show cause why the commissioner should not have the relief prayed for.

(3) Upon a showing of an emergency or threat of imminent loss to policyholders of the insurer the court may issue an ex parte order authorizing the commissioner immediately to take over the premises and assets of the insurer, the commissioner then to preserve the status quo, pending a hearing on the order to show cause, which shall be heard as soon as the court calendar permits in preference to other civil cases.

(4) In response to any order to show cause issued under this chapter the insurer shall have the burden of going forward with and producing evidence to show why the relief prayed for by the commissioner is not required.

(5) On the return of such order to show cause, and after a full hearing, the court shall either deny the relief sought in the application or grant the relief sought in the application together with such other relief as the nature of the case and the interest of policyholders, creditors, stockholders, members, subscribers, or the public may require.

(6) No appellate review of a superior court order, entered after a hearing, granting the commissioner's petition to rehabilitate an insurer or to carry out an insolvency proceeding under this chapter, shall stay the action of the commissioner in the discharge of his responsibilities under this chapter, pending a decision by the appellate court in the matter.

(7) In any proceeding under this chapter the commissioner and his deputies shall be responsible on their official bonds for the faithful performance of their duties. If the court deems it desirable for the protection of the assets, it may at any time require an additional bond from the commissioner or his deputies.

[1993 c 462 § 82; 1988 c 202 § 46; 1969 ex.s. c 241 § 13; 1967 c 150 § 31; 1947 c 79 § .31.19; Rem. Supp. 1947 § 45.31.19.]

Notes:
   Severability -- Implementation -- 1993 c 462: See RCW 48.31B.901 and 48.31B.902.

   Severability -- 1988 c 202: See note following RCW 2.24.050.

---

48.31.200
Injunctions.

(1) Upon application by the commissioner for such an order to show cause or at any time thereafter, the court may without notice issue an injunction restraining the insurer, its officers, directors, stockholders, members, subscribers, agents, and all other persons from the transaction of its business or the waste or disposition of its property until the further order of the court.

(2) The court may at any time during a proceeding under this chapter issue such other injunctions or orders as may be deemed necessary to prevent interference with the commissioner or the proceeding, or waste of the assets of the insurer, or the commencement or prosecution of any actions, or the obtaining of preferences, judgments, attachments or other liens, or the making of any levy against the insurer or against its assets or any part thereof.

[1947 c 79 § .31.20; Rem. Supp. 1947 § 45.31.20.]

48.31.210
Change of venue.

At any time after the commencement of a proceeding under this chapter the commissioner may apply to the court for an order changing the venue of, and removing the proceeding to Thurston county, or to any other county of this state in which he deems that such proceeding may be most economically and efficiently conducted.

[1947 c 79 § .31.21; Rem. Supp. 1947 § 45.31.21.]

48.31.220
Deposit of moneys collected.

The moneys collected by the commissioner in a proceeding under this chapter, shall be, from time to time, deposited in one or more state or national banks, savings banks, or trust companies, and in the case of the insolvency or voluntary or involuntary liquidation of any such depository which is an institution organized and supervised under the laws of this state, such deposits shall be entitled to priority of payment on an equality with any other priority given by the banking law of this state. The commissioner may in his discretion deposit such moneys or any part thereof in a national bank or trust company as a trust fund.

[1947 c 79 § .31.22; Rem. Supp. 1947 § 45.31.22.]

48.31.230
Exemption from filing fees.

The commissioner shall not be required to pay any fee to any public officer in this state for filing, recording, issuing a transcript or certificate, or authenticating any paper or instrument pertaining to the exercise by the commissioner of any of the powers or duties conferred upon him under this chapter, whether or not such paper or instrument be executed by the commissioner or his deputies, employees, or attorneys of record and whether or not it is connected with the commencement of an action or proceeding by or against the commissioner, or with the subsequent conduct of such action or proceeding.

[1947 c 79 § .31.23; Rem. Supp. 1947 § 45.31.23.]

48.31.240
Borrowing on pledge of assets.

For the purpose of facilitating the rehabilitation, liquidation, conservation or dissolution of an insurer pursuant to this chapter the commissioner may, subject to the approval of the court, borrow money and execute, acknowledge and deliver notes or other evidences of indebtedness therefor and secure the repayment of the same by the mortgage, pledge, assignment, transfer in trust, or hypothecation of any or all of the property whether real, personal or mixed of such insurer, and the commissioner, subject to the approval of the court, shall have power to take any and all other action necessary and proper to consummate any such loans and to provide for the repayment thereof. The commissioner shall be under no obligation personally or in his official capacity as commissioner to repay any loan made pursuant to this section.

[1947 c 79 § .31.24; Rem. Supp. 1947 § 45.31.24.]

---

48.31.260
Liquidation — Date rights, liabilities fixed.

The rights and liabilities of the insurer and of its creditors, policyholders, stockholders, members, subscribers, and all other persons interested in its estate shall, unless otherwise directed by the court, be fixed as of the date on which the order directing the liquidation of the insurer is filed in the office of the clerk of the court which made the order, subject to the provisions of RCW 48.31.300 with respect to the rights of claimants holding contingent claims and RCW 48.31.280 with respect to the priority and order of distributions of claims.

[2001 c 40 § 2; 1947 c 79 § .31.26; Rem. Supp. 1947 § 45.31.26.]

Notes:
       Application--Severability -- 2001 c 40: See notes following RCW 48.31.280.

---

48.31.270
Voidable transfers.

(1) Any transfer of, or lien upon, the property of an insurer which is made or created within four months prior to the granting of an order to show cause under this chapter with the intent of giving to any creditor or of enabling him to obtain a greater percentage of his debt than any other creditor of the same class and which is accepted by such creditor having reasonable cause to believe that such a preference will occur, shall be voidable.

(2) Every director, officer, employee, stockholder, member, subscriber, and any other person acting on behalf of such insurer who shall be concerned in any such act or deed and every person receiving thereby any property of such insurer or the benefit thereof shall be personally liable therefor and shall be bound to account to the commissioner.

(3) The commissioner as liquidator, rehabilitator or conservator in any proceeding under this chapter, may avoid any transfer of, or lien upon the property of an insurer which any creditor, stockholder, subscriber or member of such insurer might have avoided and may recover the property so transferred unless such person was a bona fide holder for value prior to the date of the granting of an order to show cause under this chapter. Such property or its value may be recovered from anyone who has received it except a bona fide holder for value as above specified.

[1947 c 79 § .31.27; Rem. Supp. 1947 § 45.31.27.]

---

48.31.280
Priority and order of distribution of claims.

The priority of distribution of claims from the insurer's estate is as follows: Every claim in a class must be paid in full or adequate funds retained for payment before the members of the next class receive any payment; no subclasses may be established within a class; and no claim by a shareholder, policyholder, or other creditor may circumvent the priority classes through the use of equitable remedies. The order of distribution of claims is:

(1) Class 1. The costs and expenses of administration during rehabilitation and liquidation, including but not limited to the following:

(a) The actual and necessary costs of preserving or recovering the assets of the insurer;

(b) Compensation for all authorized services rendered in the rehabilitation and liquidation;

(c) Necessary filing fees;

(d) The fees and mileage payable to witnesses;

(e) Authorized reasonable attorneys' fees and other professional services rendered in the rehabilitation and liquidation;

(f) The reasonable expenses of a guaranty association or foreign guaranty association for unallocated loss adjustment expenses.

(2) Class 2. Loss claims. For purposes of this section, loss claims are all claims under policies, including claims of the federal or a state or local government, for losses incurred, including third-party claims, and all claims of a guaranty association or foreign guaranty association. All claims under life insurance and annuity policies, whether for death proceeds, annuity proceeds, or investment values, are loss claims. That portion of any loss indemnification that is provided for by other benefits or advantages recovered by the claimant, is not included in this class, other than benefits or advantages recovered or recoverable in discharge of familial obligations of support or by way of succession at death or as proceeds of life insurance, or as gratuities. No payment by an employer to an employee may be treated as a gratuity. Loss claims also include claims under nonassessable policies for unearned premium or other premium refunds.

(3) Class 3. Claims of the federal government, other than claims which are included as loss claims under subsection (2) of this section.

(4) Class 4. Reasonable compensation to employees for services performed to the extent that they do not exceed two months of monetary compensation and represent payment for services performed within one year before the filing of the petition for liquidation or, if rehabilitation preceded liquidation, within one year before the filing of the petition for rehabilitation; except, where there are no claims and no potential claims of the federal government in the estate, in which case claims in this class shall have priority over claims in class 2 and below. Principal officers and directors are not entitled to the benefit of this priority except as otherwise approved by the liquidator and the court. This priority is in lieu of any other similar priority that may be authorized by law as to wages or compensation of employees.

(5) Class 5. Claims of general creditors including claims of ceding and assuming companies in their capacity as such.

(6) Class 6. Claims of any state or local government, except those under subsection (2) of this section. Claims, including those of any governmental body for a penalty or forfeiture, are allowed in this class only to the extent of the pecuniary loss sustained from the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby. The remainder of such claims are postponed to the class of claims under subsection (9) of this section.

(7) Class 7. Claims filed late or any other claims other than claims under subsections (8) and (9) of this section.

(8) Class 8. Surplus or contribution notes, or similar obligations, and premium refunds on assessable policies. Payments to members of domestic mutual insurance companies are limited in accordance with law.

(9) Class 9. The claims of shareholders or other owners in their capacity as shareholders.

[2001 c 40 § 1; 1993 c 462 § 83; 1975-'76 2nd ex.s. c 109 § 1; 1947 c 79 § .31.28; Rem. Supp. 1947 § 45.31.28.]

**Notes:**
 **Application -- 2001 c 40:** "This act applies to and governs all claims filed in any proceeding to liquidate an insurer that is initiated on or after January 1, 2001." [2001 c 40 § 3.]

 **Severability -- 2001 c 40:** "If any provision of this act or its application to any person or circumstance is held invalid, the remainder of the act or the application of the provision to other persons or circumstances is not affected." [2001 c 40 § 4.]

 **Severability -- Implementation -- 1993 c 462:** See RCW 48.31B.901 and 48.31B.902.

---

48.31.290
Offsets.

(1) In all cases of mutual debts or mutual credits between the insurer and another person in connection with any action or proceeding under this chapter, such credits and debts shall be set off and the balance only shall be allowed or paid, except as provided in subsection (2) of this section.

(2) No offset shall be allowed in favor of any such person where (a) the obligation of the insurer to such person would not at the date of the entry of any liquidation order, or otherwise, as provided in RCW 48.31.260, entitle him to share as a claimant in the assets of the insurer, or (b) the obligation of the insurer to such person was purchased by or transferred to such person with a view of its being used as an offset, or (c) the obligation of such person is to pay an assessment levied against the members of a mutual insurer, or against the subscribers of a reciprocal insurer, or is to pay a balance upon a subscription to the capital stock of a stock insurer.

[1947 c 79 § .31.29; Rem. Supp. 1947 § 45.31.29.]

---

48.31.300
Allowance of contingent and other claims.

(1) No contingent claim shall share in a distribution of the assets of an insurer which has been adjudicated to be insolvent by an order made pursuant to RCW 48.31.310, except that such claims shall be considered, if properly presented, and may be allowed to share where:

(a) Such claim becomes absolute against the insurer on or before the last day fixed for filing of proofs of claim against the assets of such insurer, or

(b) There is a surplus and the liquidation is thereafter conducted upon the basis that such insurer is solvent.

(2) Where an insurer has been so adjudicated to be insolvent any person who has a cause of action against an insured of such insurer under a liability insurance policy issued by such insurer, shall have the right to file a claim in the liquidation proceeding, regardless of the fact that such claim may be contingent, and such claim may be allowed

(a) If it may be reasonably inferred from the proof presented upon such claim that such person would be able to obtain a judgment upon such cause of action against such insured; and

(b) If such person shall furnish suitable proof, unless the court for good cause shown shall otherwise direct, that no further valid claims against such insurer arising out of his or her cause of action other than those already presented can be made; and

(c) If the total liability of such insurer to all claimants arising out of the same act of its insured shall be no greater than its maximum liability would be were it not in liquidation.

No judgment against such an insured taken after the date of the entry of the liquidation order shall be considered in the liquidation proceedings as evidence of liability, or of the amount of damages, and no judgment against an insured taken by default, inquest or by collusion prior to the entry of the liquidation order shall be considered as conclusive evidence in the liquidation proceeding either of the liability of such insured to such person upon such cause of action or of the amount of damages to which such person is therein entitled.

(3) No claim of any secured claimant shall be allowed at a sum greater than the difference between the value of the claim without security and the value of the security itself as of the date of the entry of the order of liquidation or such other date set by the court for fixation of rights and liabilities as provided in RCW 48.31.260 unless the claimant shall surrender his or her security to the commissioner in which event the claim shall be allowed in the full amount for which it is valued.

(4) Whether or not the third party files a claim, the insured may file a claim on his or her own behalf in the liquidation.

(5) No claim may be presented under this section if it is or may be covered by a guaranty association or foreign guaranty association.

[1993 c 462 § 84; 1947 c 79 § .31.30; Rem. Supp. 1947 § 45.31.30.]

**Notes:**
    **Severability -- Implementation -- 1993 c 462:** See RCW 48.31B.901 and 48.31B.902.

_____

48.31.310
Time to file claims.

(1) If upon the granting of an order of liquidation under this chapter or at any time thereafter during the liquidation proceeding, the insurer shall not be clearly solvent, the court shall after such notice and hearing as it deems proper, make an order declaring the insurer to be insolvent. Thereupon, regardless of any prior notice which may have been given to creditors, the commissioner shall notify all persons who may have claims against such insurer and who have not filed proper proofs thereof, to present the same to him, at a place specified in such notice, within four months from the date of the entry of such order, or if the commissioner shall certify that it is necessary, within such longer time as the court shall prescribe. The last day for the filing of proofs of claim shall be specified in the notice. Such notice shall be given in a manner determined by the court.

(2) Proofs of claim may be filed subsequent to the date specified, but no such claim shall share in the distribution of the assets until all allowed claims, proofs of which have been filed before said date, have been paid in full with interest.

[1947 c 79 § .31.31; Rem. Supp. 1947 § 45.31.31.]

_____

**48.31.320**
**Report for assessment.**

Within three years from the date an order of rehabilitation or liquidation of a domestic mutual insurer or a domestic reciprocal insurer was filed in the office of the clerk of the court by which such order was made, the commissioner may make a report to the court setting forth

    (1) the reasonable value of the assets of the insurer;

    (2) the insurer's probable liabilities; and

    (3) the probable necessary assessment, if any, to pay all claims and expenses in full, including expenses of administration.

[1947 c 79 § .31.32; Rem. Supp. 1947 § 45.31.32.]

**48.31.330**
**Levy of assessment.**

(1) Upon the basis of the report provided for in RCW 48.31.320, including any amendments thereof, the court, ex parte, may levy one or more assessments against all members of such insurer who, as shown by the records of the insurer, were members (if a mutual insurer) or subscribers (if a reciprocal insurer) at any time within one year prior to the date of issuance of the order to show cause under RCW 48.31.190.

    (2) Such assessment or assessments shall cover the excess of the probable liabilities over the reasonable value of the assets, together with the estimated cost of collection and percentage of uncollectibility thereof. The total of all assessments against any member or subscriber with respect to any policy, whether levied pursuant to this chapter or pursuant to any other provisions of this code, shall be for no greater amount than that specified in the policy or policies of the member or subscriber and as limited under this code; except that if the court finds that the policy was issued at a rate of premium below the minimum rate lawfully permitted for the risk insured, the court may determine the upper limit of such assessment upon the basis of such minimum rate.

    (3) No assessment shall be levied against any member or subscriber with respect to any nonassessable policy issued in accordance with this code.

[1947 c 79 § .31.33; Rem. Supp. 1947 § 45.31.33.]

**48.31.340**
**Order for payment of assessment.**

After levy of assessment as provided in RCW 48.31.330, upon the filing of a further detailed report by the commissioner, the court shall issue an order directing each member (if a mutual insurer) or each subscriber (if a reciprocal insurer) if he shall not pay the amount assessed against him to the commissioner on or before a day to be specified in the order, to show cause why he should not be held liable to pay such assessment together with costs as set forth in RCW 48.31.360 and why the commissioner should not have judgment therefor.

[1947 c 79 § .31.34; Rem. Supp. 1947 § 45.31.34.]

**48.31.350**
**Publication, transmittal of assessment order.**

The commissioner shall cause a notice of such assessment order setting forth a brief summary of the contents of such order to be:

    (1) Published in such manner as shall be directed by the court; and

    (2) Enclosed in a sealed envelope, addressed and mailed postage prepaid to each member or subscriber liable thereunder at his last known address as it appears on the records of the insurer, at least twenty days before the return day of the order to show cause provided for in RCW 48.31.340.

[1947 c 79 § .31.35; Rem. Supp. 1947 § 45.31.35.]

---

**48.31.360**
**Judgment upon the assessment.**

(1) On the return day of the order to show cause provided for in RCW 48.31.340 if the member or subscriber does not appear and serve verified objections upon the commissioner, the court shall make an order adjudging that such member or subscriber is liable for the amount of the assessment against him together with ten dollars costs, and that the commissioner may have judgment against the member or subscriber therefor.

(2) If on such return day the member or subscriber shall appear and serve verified objections upon the commissioner there shall be a full hearing before the court or a referee to hear and determine, who, after such hearing, shall make an order either negativing the liability of the member or subscriber to pay the assessment or affirming his liability to pay the whole or some part thereof together with twenty-five dollars costs and the necessary disbursements incurred at such hearing, and directing that the commissioner in the latter case may have judgment therefor.

(3) A judgment upon any such order shall have the same force and effect, and may be entered and docketed, and may be appealed from as if it were a judgment in an original action brought in the court in which the proceeding is pending.

[1947 c 79 § .31.36; Rem. Supp. 1947 § 45.31.36.]

---

**48.31.400**
**Administrative supervision — Conditions — Notice and hearing.**

(1) An insurer may be subject to administrative supervision by the commissioner if upon examination or at any other time the commissioner makes a finding that:

(a) The insurer's condition renders the continuance of its business financially hazardous to the public or to its insureds consistent with this title or any rules adopted by the commissioner;

(b) The insurer has or appears to have exceeded its powers granted under its certificate of authority and this title or any rules adopted by the commissioner;

(c) The insurer has failed to comply with the applicable provisions of Title 48 RCW or rules adopted by the commissioner such that its condition has or will render the continuance of its business financially hazardous to the public or to its insureds;

(d) The business of the insurer is being conducted fraudulently; or

(e) The insurer gives its consent.

(2) If the commissioner determines that the conditions set forth in subsection (1) of this section exist, the commissioner shall:

(a) Notify the insurer of his or her determination;

(b) Furnish to the insurer a written list of the requirements to abate this determination; and

(c) Notify the insurer that it is under the supervision of the commissioner and that the commissioner is applying and effectuating the provisions of this chapter. Action by the commissioner shall be subject to review pursuant to chapters 48.04 and 34.05 RCW.

(3) If placed under administrative supervision, the insurer has sixty days, or another period of time as designated by the commissioner, to comply with the requirements of the commissioner subject to the provisions of this chapter.

(4) If it is determined after notice and hearing that the conditions giving rise to the administrative supervision still exist at the end of the supervision period under subsection (3) of this section, the commissioner may extend the period.

(5) If it is determined that none of the conditions giving rise to the administrative supervision exist, or that the insurer has remedied the conditions that gave rise to the supervision, the commissioner shall release the insurer from supervision.

[2005 c 432 § 3.]

**48.31.405**
Administrative supervision — Confidentiality.

(1) Except as set forth in this section, proceedings, hearings, notices, correspondence, reports, records, and other information in the possession of the commissioner relating to the supervision of any insurer under this chapter are confidential and are not subject to chapter 42.17 RCW, are not subject to subpoena, and are not subject to discovery or admissible in evidence in any private civil action, except as provided by this section. However, the commissioner is authorized to use the documents, materials, or other information in the furtherance of any regulatory or legal action brought as part of the commissioner's official duties.

(2) The employees of the commissioner have access to these proceedings, hearings, notices, correspondence, reports, records, or information as permitted by the commissioner. Neither the commissioner nor any person who received documents, materials, or other information while acting under the authority of the commissioner is permitted or required to testify in any private civil action concerning any confidential documents, materials, or information subject to subsection (1) of this section.

(3) The commissioner may share the notices, correspondence, reports, records, or information with other state, federal, and international regulatory agencies, with the national association of insurance commissioners and its affiliates and subsidiaries, and with state, federal, and international law enforcement authorities, if the commissioner determines that the disclosure is necessary or proper for the enforcement of the laws of this or another state of the United States, and provided that the recipient agrees to maintain the confidentiality of the documents, material, or other information. No waiver of any applicable privilege or claim of confidentiality may occur as a result of the sharing of documents, materials, or other information under this subsection.

(4) The commissioner may open the proceedings or hearings or make public the notices, correspondence, reports, records, or other information if the commissioner deems that it is in the best interest of the public or in the best interest of the insurer or its insureds, creditors, or the general public. However, the determination of whether to disclose any confidential information at the public proceedings or hearings is subject to applicable law.

(5) This section does not apply to hearings, notices, correspondence, reports, records, or other information obtained upon the appointment of a receiver for the insurer by a court of competent jurisdiction.

[2005 c 432 § 4.]

**48.31.410**
Administrative supervision — Standards and procedures — Limitations on insurer.

During the period of administrative supervision, the commissioner or the commissioner's designated appointee shall serve as the administrative supervisor. The commissioner shall establish standards and procedures that maintain reasonable and customary claims practices and otherwise provide for the orderly continuation of the insurer's operations and business. Considering these standards and procedures, the commissioner may provide that the insurer may not do any of the following things during the period of supervision, without the prior approval of the commissioner or the appointed administrative supervisor:

(1) Dispose of, convey, or encumber any of its assets or its business in force;

(2) Withdraw any of its bank accounts;

(3) Lend any of its funds;

(4) Invest any of its funds;

(5) Transfer any of its property;

(6) Incur any debt, obligation, or liability;

(7) Merge or consolidate with another company;

(8) Approve new premiums or renew any policies;

(9) Enter into any new reinsurance contract or treaty;

(10) Terminate, surrender, forfeit, convert, or lapse any insurance policy, certificate, or contract, except for nonpayment of premiums

due;

(11) Release, pay, or refund premium deposits; accrued cash or loan values; unearned premiums; or other reserves on any insurance policy, certificate, or contract;

(12) Make any material change in management; or

(13) Increase salaries and benefits of officers or directors or the preferential payment of bonuses, dividends, or other payments deemed preferential.

[2005 c 432 § 5.]

## 48.31.415
### Administrative supervision — Insurer may contest.

During the period of administrative supervision the insurer may contest an action taken, proposed to be taken, or failed to be taken by the administrative supervisor specifying the manner wherein the action being complained of would not result in improving the condition of the insurer. Denial of the insurer's request upon reconsideration entitles the insurer to request a proceeding under chapters 48.04 and 34.05 RCW.

[2005 c 432 § 6.]

## 48.31.420
### Administrative supervision — No limitation on judicial proceedings.

RCW 48.31.020, 48.31.115, 48.31.400 through 48.31.415, 48.31.425, and 48.31.435 do not preclude the commissioner from initiating judicial proceedings to place an insurer in rehabilitation or liquidation proceedings or other delinquency proceedings, however designated under the laws of this state, regardless of whether the commissioner has previously initiated administrative supervision proceedings under this chapter against the insurer.

[2005 c 432 § 7.]

## 48.31.425
### Administrative supervision — Commissioner contacts.

The commissioner may meet with the administrative supervisor appointed under this chapter and with the attorney or other representative of the administrative supervisor, without the presence of any other person, at the time of any proceeding or during the pendency of any proceeding held under authority of this chapter to carry out the commissioner's duties under this chapter or for the supervisor to carry out his or her duties under this chapter.

[2005 c 432 § 8.]

## 48.31.430
### Administrative supervision — Chapters 48.04 and 34.05 RCW.

An action or the failure to act by the commissioner is subject to chapters 48.04 and 34.05 RCW.

[2005 c 432 § 9.]

## 48.31.435

Administrative supervision — Rules.

The commissioner may adopt rules to implement and administer RCW 48.31.020, 48.31.115, and 48.31.400 through 48.31.425.

[2005 c 432 § 10.]

---

**48.31.900**
**Severability — 2005 c 432.**

If any provision of this act or its application to any person or circumstance is held invalid, the remainder of the act or the application of the provision to other persons or circumstances is not affected.

[2005 c 432 § 11.]