# Chapter 48.99 RCW
# Uniform insurers liquidation act

Chapter Listing

## RCW Sections

48.99.010  Uniform Insurers Liquidation Act.
48.99.011  Insurer -- Self-funded multiple employer welfare arrangement.
48.99.020  Delinquency proceedings -- Domestic insurers.
48.99.030  Delinquency proceedings -- Foreign insurers.
48.99.040  Claims of nonresidents against domestic insurer.
48.99.050  Claims of residence against foreign insurer.
48.99.060  Priority of certain claims.
48.99.070  Attachment, garnishment, execution stayed.
48.99.080  Severability -- Uniformity of interpretation.
48.99.900  Severability -- Implementation -- 1993 c 462.

---

**48.99.010**
**Uniform Insurers Liquidation Act.**

This chapter may be known and cited as the Uniform Insurers Liquidation Act. For the purposes of this chapter:

(1) "Insurer" means any person, firm, corporation, association, or aggregation of persons doing an insurance business and subject to the insurance supervisory authority of, or to liquidation, rehabilitation, reorganization, or conservation by, the commissioner, or the equivalent insurance supervisory official of another state.

(2) "Delinquency proceeding" means any proceeding commenced against an insurer for the purpose of liquidating, rehabilitating, reorganizing, or conserving such insurer.

(3) "State" means any state of the United States, and also the District of Columbia and Puerto Rico.

(4) "Foreign country" means territory not in any state.

(5) "Domiciliary state" means the state in which an insurer is incorporated or organized, or, in the case of an insurer incorporated or organized in a foreign country, the state in which such insurer, having become authorized to do business in such state, has, at the commencement of delinquency proceedings, the largest amount of its assets held in trust and assets held on deposit for the benefit of its policyholders or policyholders and creditors in the United States; and any such insurer is deemed to be domiciled in such state.

(6) "Ancillary state" means any state other than a domiciliary state.

(7) "Reciprocal state" means any state other than this state in which in substance and effect the provisions of this chapter are in force, including the provisions requiring that the insurance commissioner or equivalent insurance supervisory official be the receiver of a delinquent insurer.

(8) "General assets" means all property, real, personal, or otherwise, not specifically mortgaged, pledged, deposited, or otherwise encumbered for the security or benefit of specified persons or a limited class or classes of persons, and as to such specifically encumbered property the term includes all such property or its proceeds in excess of the amount necessary to discharge the sum or sums secured thereby. Assets held in trust and assets held on deposit for the security or benefit of all policyholders, or all policyholders and creditors in the United States, shall be deemed general assets.

(9) "Preferred claim" means any claim with respect to which the law of a state or of the United States accords priority of payment from the general assets of the insurer.

(10) "Special deposit claim" means any claim secured by a deposit made pursuant to statute for the security or benefit of a limited class or classes of persons, but not including any general assets.

(11) "Secured claim" means any claim secured by mortgage, trust, deed, pledge, deposit as security, escrow, or otherwise, but not including special deposit claims or claims against general assets. The term also includes claims which more than four months prior to the commencement of delinquency proceedings in the state of the insurer's domicile have become liens upon specific assets by reason of judicial process.

(12) "Receiver" means receiver, liquidator, rehabilitator, or conservator as the context may require.

[1993 c 462 § 78; 1961 c 194 § 12; 1947 c 79 § .31.11; Rem. Supp. 1947 § 45.31.11. Formerly RCW 48.31.110.]

---

48.99.011
Insurer — Self-funded multiple employer welfare arrangement.

A self-funded multiple employer welfare arrangement, as defined in RCW 48.125.010, is an insurer under this chapter.

[2004 c 260 § 21.]

**Notes:**
    **Severability -- Effective date -- 2004 c 260:** See RCW 48.125.900 and 48.125.901.

---

48.99.020
Delinquency proceedings — Domestic insurers.

(1) Whenever under the laws of this state a receiver is to be appointed in delinquency proceedings for an insurer domiciled in this state, the court shall appoint the commissioner as such receiver. The court shall direct the commissioner forthwith to take possession of the assets of the insurer and to administer the same under the orders of the court.

(2) As domiciliary receiver the commissioner shall be vested by operation of law with the title to all of the property, contracts, and rights of action, and all of the books and records of the insurer wherever located, as of the date of entry of the order directing him to rehabilitate or liquidate a domestic insurer, or to liquidate the United States branch of an alien insurer domiciled in this state, and he shall have the right to recover the same and reduce the same to possession; except that ancillary receivers in reciprocal states shall have, as to assets located in their respective states, the rights and powers which are hereinafter prescribed for ancillary receivers appointed in this state as to assets located in this state.

(3) The filing or recording of the order directing possession to be taken, or a certified copy thereof, in the office where instruments affecting title to property are required to be filed or recorded shall impart the same notice as would be imparted by a deed, bill of sale, or other evidence of title duly filed or recorded.

(4) The commissioner as domiciliary receiver shall be responsible on his official bond for the proper administration of all assets coming into his possession or control. The court may at any time require an additional bond from him or his deputies if deemed desirable for the protection of the assets.

(5) Upon taking possession of the assets of an insurer the domiciliary receiver shall, subject to the direction of the court, immediately proceed to conduct the business of the insurer or to take such steps as are authorized by the laws of this state for the purpose of liquidating, rehabilitating, reorganizing, or conserving the affairs of the insurer.

(6) In connection with delinquency proceedings the commissioner may appoint one or more special deputy commissioners to act for him, and may employ such counsel, clerks, and assistants as he deems necessary. The compensation of the special deputies, counsel, clerks, or assistants and all expenses of taking possession of the insurer and of conducting the proceedings shall be fixed by the receiver, subject to the approval of the court, and shall be paid out of the funds or assets of the insurer. Within the limits of the duties imposed upon them special deputies shall possess all the powers given to, and, in the exercise of those powers, shall be subject to all of the duties imposed upon the receiver with respect to such proceedings.

[1947 c 79 § .31.12; Rem. Supp. 1947 § 45.31.12. Formerly RCW 48.31.120.]

---

48.99.030
Delinquency proceedings — Foreign insurers.

(1) Whenever under the laws of this state an ancillary receiver is to be appointed in delinquency proceedings for an insurer not domiciled in this state, the court shall appoint the commissioner as ancillary receiver. The commissioner shall file a petition requesting the appointment (a) if he finds that there are sufficient assets of such insurer located in this state to justify the appointment of an ancillary receiver, or (b) if ten or more persons resident in this state having claims against such insurer file a petition with the commissioner requesting the appointment of such ancillary receiver.

(2) The domiciliary receiver for the purpose of liquidating an insurer domiciled in a reciprocal state, shall be vested by operation of law with the title to all of the property, contracts, and rights of action, and all of the books and records of the insurer located in this state, and he shall have the immediate right to recover balances due from local agents and to obtain possession of any books and records of the insurer found in this state. He shall also be entitled to recover the other assets of the insurer located in this state except that upon the appointment of an ancillary receiver in this state, the ancillary receiver shall during the ancillary receivership proceedings have the sole right to recover such other assets. The ancillary receiver shall, as soon as practicable, liquidate from their respective securities those special deposit claims and secured claims which are proved and allowed in the ancillary proceedings in this state, and shall pay the necessary expenses of the proceedings. All remaining assets he shall promptly transfer to the domiciliary receiver. Subject to the foregoing provisions the ancillary receiver and his deputies shall have the same powers and be subject to the same duties with respect to the administration of such assets, as a receiver of an insurer domiciled in this state.

(3) The domiciliary receiver of an insurer domiciled in a reciprocal state may sue in this state to recover any assets of such insurer to which he may be entitled under the laws of this state.

[1947 c 79 § .31.13; Rem. Supp. 1947 § 45.31.13. Formerly RCW 48.31.130]

---

## 48.99.040
### Claims of nonresidents against domestic insurer.

(1) In a delinquency proceeding begun in this state against an insurer domiciled in this state, claimants residing in reciprocal states may file claims either with the ancillary receivers, if any, in their respective states, or with the domiciliary receiver. All claims must be filed on or before the last date fixed for the filing of claims in the domiciliary delinquency proceedings.

(2) Controverted claims belonging to claimants residing in reciprocal states may either (a) be proved in this state as provided by law, or (b) if ancillary proceedings have been commenced in reciprocal states, be proved in those proceedings. In the event a claimant elects to prove a claim in ancillary proceedings, if notice of the claim and opportunity to appear and be heard is afforded the domiciliary receiver of this state as provided in RCW 48.99.050 with respect to ancillary proceedings in this state, the final allowance of a claim by the courts in the ancillary state must be accepted in this state as conclusive as to its amount, and must also be accepted as conclusive as to its priority, if any, against special deposits or other security located within the ancillary state.

[2003 c 248 § 25; 1947 c 79 § .31.14; Rem. Supp. 1947 § 45.31.14. Formerly RCW 48.31.140.]

---

## 48.99.050
### Claims of residents against foreign insurer.

(1) In a delinquency proceeding in a reciprocal state against an insurer domiciled in that state, claimants against such insurer, who reside within this state may file claims either with the ancillary receiver, if any, appointed in this state, or with the domiciliary receiver. All such claims must be filed on or before the last date fixed for the filing of claims in the domiciliary delinquency proceeding.

(2) Controverted claims belonging to claimants residing in this state may either (a) be proved in the domiciliary state as provided by the law of that state, or (b), if ancillary proceedings have been commenced in this state, be proved in those proceedings. In the event that any such claimant elects to prove his claim in this state, he shall file his claim with the ancillary receiver in the manner provided by the law of this state for the proving of claims against insurers domiciled in this state, and he shall give notice in writing to the receiver in the domiciliary state, either by registered mail or by personal service at least forty days prior to the date set for hearing. The notice shall contain a concise statement of the amount of the claim, the facts on which the claim is based, and the priorities asserted, if any. If the domiciliary receiver, within thirty days after the giving of such notice, shall give notice in writing to the ancillary receiver and to the claimant, either by registered mail or by personal service, of his intention to contest such claim, he shall be entitled to appear or to be represented in any proceeding in this state involving the adjudication of the claim. The final allowance of the claim by the courts of this state shall be accepted as conclusive as to its amount, and shall also be accepted as conclusive as to its priority, if any, against special deposits or other security located within this state.

[1947 c 79 § .31.15; Rem. Supp. 1947 § 45.31.15. Formerly RCW 48.31.150.]

Case 1:04-cv-00283-REJ-BMK	Document 57-73	Filed 04/10/2006	Page 4 of 4

**48.99.060**
**Priority of certain claims.**

(1) In a delinquency proceeding against an insurer domiciled in this state, claims owing to residents of ancillary states shall be preferred claims if like claims are preferred under the laws of this state. All such claims whether owing to residents or nonresidents shall be given equal priority of payment from general assets regardless of where such assets are located.

(2) In a delinquency proceeding against an insurer domiciled in a reciprocal state, claims owing to residents of this state shall be preferred if like claims are preferred by the laws of that state.

(3) The owners of special deposit claims against an insurer for which a receiver is appointed in this or any other state shall be given priority against their several special deposits in accordance with the provisions of the statutes governing the creation and maintenance of such deposits. If there is a deficiency in any such deposit so that the claims secured thereby are not fully discharged therefrom, the claimants may share in the general assets, but such sharing shall be deferred until general creditors, and also claimants against other special deposits who have received smaller percentages from their respective special deposits, have been paid percentages of their claims equal to the percentage paid from the special deposit.

(4) The owner of a secured claim against an insurer for which a receiver has been appointed in this or any other state may surrender his security and file his claim as a general creditor, or the claim may be discharged by resort to the security, in which case the deficiency, if any, shall be treated as a claim against the general assets of the insurer on the same basis as claims of unsecured creditors. If the amount of the deficiency has been adjudicated in ancillary proceedings as provided in this chapter, or if it has been adjudicated by a court of competent jurisdiction in proceedings in which the domiciliary receiver has had notice and opportunity to be heard, such amount shall be conclusive; otherwise the amount shall be determined in the delinquency proceeding in the domiciliary state.

[1993 c 462 § 79; 1947 c 79 § .31.16; Rem. Supp. 1947 § 45.31.16. Formerly RCW 48.31.160.]

**48.99.070**
**Attachment, garnishment, execution stayed.**

During the pendency of delinquency proceedings in this or any reciprocal state no action or proceeding in the nature of an attachment, garnishment, or execution shall be commenced or maintained in the courts of this state against the delinquent insurer or its assets. Any lien obtained by any such action or proceeding within four months prior to the commencement of any such delinquency proceeding or at any time thereafter shall be void as against any rights arising in such delinquency proceeding.

[1947 c 79 § .31.17; Rem. Supp. 1947 § 45.31.17. Formerly RCW 48.31.170.]

**48.99.080**
**Severability — Uniformity of interpretation.**

(1) If any provision of this chapter or the application thereof to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of the chapter which can be given effect without the invalid provision or application, and to this end the provisions of this chapter are declared to be severable.

(2) This Uniform Insurers Liquidation Act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states that enact it. To the extent that its provisions, when applicable, conflict with provisions of chapter 48.31 RCW, the provisions of this chapter shall control.

[1993 c 462 § 80; 1947 c 79 § .31.18; Rem. Supp. 1947 § 45.31.18. Formerly RCW 48.31.180.]

**48.99.900**
**Severability — Implementation — 1993 c 462.**

See RCW 48.31B.901 and 48.31B.902.