© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

984 S.W.2d 292
984 S.W.2d 292
**(Cite as: 984 S.W.2d 292)**
<KeyCite History>

Court of Appeals of Texas,
Fort Worth.
Jeanne Barnes BRYANT, as liquidator of Anchorage Fire & Casualty Insurance Company, Appellant,
v.
UNITED SHORTLINE INC. ASSURANCE SERVICES, N.A., Surety Bank, N.A. Shields, Britton & Fraser, Appellees.
No. 2-96-027-CV.

Oct. 31, 1998.
Rehearing Overruled Dec. 19, 1999.
Publication Ordered Jan. 21, 1999.

Insurance broker, as judgment creditor, brought action against insurance company, the judgment debtor, to preserve its assets, including funds held by bank through premium finance business. Bank intervened and interpleaded the funds bringing Tennessee liquidator of another insurance company into the suit. The 141st District Court, Tarrant County, entered summary judgment in favor of broker. Liquidator appealed. The Court of Appeals, Day, J., held that: (1) liquidator waived right to complain of bank's decision to intervene; (2) bank was entitled to interpleader; (3) court had quasi in rem jurisdiction over interpleaded funds; (4) Tennessee trial court lacked subject matter jurisdiction to order liquidation of these funds; and (5) ownership of the funds was a question of fact precluding summary judgment.

Reversed and remanded.

West Headnotes

[1] Interpleader k19
222k19
Insurance company's liquidator, by failing to file a motion to strike intervention and obtain a ruling, waived right to complain of bank's decision to intervene in broker's lawsuit against another insurer and to interplead funds obtained through premium finance business and allegedly claimed by both insurers. Vernon's Ann.Texas Rules Civ.Proc., Rule 60.

[2] Parties k43
287k43
Anyone pleading for intervention need not obtain the court's approval to intervene. Vernon's Ann.Texas Rules Civ.Proc., Rule 60.

[3] Parties k44
287k44
Unless a party opposing an intervention obtains an order striking the plea in intervention, anyone may intervene as a matter of right. Vernon's Ann.Texas Rules Civ.Proc., Rule 60.

[4] Interpleader k6
222k6

[4] Interpleader k18
222k18

[4] Interpleader k21
222k21
An interpleading party is entitled to interpleader relief if 1) the party is either subject to, or has reasonable grounds to anticipate, rival claims to the same fund or property; 2) the party has not

unreasonably delayed filing an action for interpleader; and 3) the party has unconditionally tendered the fund or property into the court's registry. Vernon's Ann.Texas Rules Civ.Proc., Rule 43.

[5] Interpleader k1
222k1
Any reasonable doubt about a stakeholder's right to interpleader must be resolved in the stakeholder's favor. Vernon's Ann.Texas Rules Civ.Proc., Rule 43.

[6] Interpleader k13
222k13
Bank had a reasonable basis to anticipate rival claims to funds obtained through premium financing business for insolvent insurer and another insurer that was a broker's judgment debtor, and, thus, bank was entitled to interpleader; some accounts had names of both insurers on them. Vernon's Ann.Texas Rules Civ.Proc., Rule 43.

[7] Interpleader k1
222k1
Granting a party's right to interpleader is within the discretion of the trial court. Vernon's Ann.Texas Rules Civ.Proc., Rule 43.

[8] Appeal and Error k907(3)
30k907(3)
Absent a statement of facts, Court of Appeals must indulge every presumption in favor of the trial court's findings.

[9] Interpleader k17
222k17
Despite liquidation proceeding involving alien insurer in another state, court had quasi in rem jurisdiction over interpleaded funds that were in the court's registry and had been in a bank in the state before it sought interpleader to resolve rival claims to funds obtained through premium financing business for insolvent alien insurer and another insurer that was a broker's judgment debtor; the bank did not seek any personal or affirmative relief from the liquidator. Vernon's Ann.Texas Rules Civ.Proc., Rule 43.

[10] Interpleader k21
222k21
In an interpleader action, the stakeholder deposits the funds into the court and the court determines who is entitled to these funds. Vernon's Ann.Texas Rules Civ.Proc., Rule 43.

[11] Interpleader k17
222k17
Court has jurisdiction to determine right to funds because that are in its physical possession in interpleader action. Vernon's Ann.Texas Rules Civ.Proc., Rule 43.

[12] Interpleader k17
222k17
Jurisdiction of the property gives court authority in interpleader action to determine title, but not to render a personal judgment. Vernon's Ann.Texas Rules Civ.Proc., Rule 43.

[13] Insurance k1384
217k1384
Under Tennessee law, Tennessee trial court lacked subject matter jurisdiction to order liquidation of an alien insurer's assets in another state, since the insurer was not domiciled in Tennessee; statute allows liquidation of the alien insurer's assets in the state. T.C.A. §§ 56-9-104(b), 56-9-402.

[14] Judgment k815
228k815
Any order of a Tennessee court liquidating a non-domiciliary alien

insurer's assets in another state would not be entitled to full faith and credit since it would exceed the court's subject matter jurisdiction. U.S.C.A. Const.Art. 4, § 1; T.C.A., §§ 56-9-104(b), 56-9-402.

[15] States k5(2)
360k5(2)
An order showing on its face that it was entered in excess of the jurisdiction granted to the court by the statute under which the court purported to act is not entitled to full faith and credit. U.S.C.A. Const.Art. 4, § 1.

[16] Judgment k181(23)
228k181(23)
Ownership of bank funds obtained through premium financing business for insolvent alien insurer and another insurer that was a broker's judgment debtor was a question of fact precluding summary judgment in favor of broker and against liquidator.

[17] Judgment k185(5)
228k185(5)
Summary judgment may not be based on any weakness of the nonmovant's pleading or proof unless it establishes the absence of a right of action or an insurmountable bar to recovery. Vernon's Ann.Texas Rules Civ.Proc., Rule 166a.

*294 Harold B. Gold, Dallas, for Appellant.

Lane, Ray, Wilson, et al., Sterling W. Steves, Shannon, Gracey, Ratliff & Miller, Kleber Miller, Fort Worth, Ferguson & Company, Jerome Howard Ferguson, Shields, Britton & Fraser, James D. Shields, Dallas, for Appellees..

Before DAY, DAUPHINOT, and RICHARDS, JJ.

OPINION

DAY, Justice.

Appellant Jeanne Barnes Bryant, the liquidator of Anchorage Fire and Casualty Insurance Company ("liquidator"), appointed by a Tennessee court, appeals a summary judgment awarding funds that were the subject of an interpleader to appellee United Shortline, Inc. Assurance Services, N.A. ("USI"). Because we find the liquidator raised an unresolved fact issue about ownership of the interpleaded funds, USI was not entitled to judgment as a matter of law, and we reverse the judgment of the trial court and remand the case for trial.

SUMMARY OF FACTS

USI and others sued MacGregor General Insurance Company, Ltd. ("MacGregor") seeking to preserve MacGregor's assets, including funds deposited with Appellee Surety Bank, N.A. ("bank") in Hurst, Texas. The bank intervened, interpleading USI, the liquidator, MacGregor, and others, so all claiming the funds could make their claims and the bank could avoid questions of liability. The funds at issue were paid into the registry of the court. These funds originated from the bank's business in insurance premium financing with MacGregor and Anchorage Fire & Casualty Insurance Company ("Anchorage"). USI and the liquidator dispute whether these funds are MacGregor's or Anchorage's. If MacGregor's, USI is entitled to the funds through a Florida judgment it holds against MacGregor. The liquidator claims the funds as the properly appointed liquidator of Anchorage.

The liquidator filed a motion challenging trial court jurisdiction over these funds,

claiming that exclusive jurisdiction over Anchorage property lies with the Tennessee liquidation court. This allegation is predicated on the ongoing Anchorage liquidation in Tennessee. In March 1993, a Tennessee *295 court entered an order appointing the Tennessee Commissioner of Commerce and Insurance ("conservator") as conservator of Anchorage under the Tennessee statute providing for conservatorship proceedings against alien corporations doing business in Tennessee. See tenn.Code Ann. § 56-9-401 (1994). Anchorage was incorporated in Antigua and thus was an alien insurer doing business in Tennessee. However, Anchorage was not domiciled in Tennessee. This order directed the conservator to take possession of and administer the assets and enjoined interference with the conservator. It also authorized the conservator to apply outside Tennessee for the relief "above-described." Later, the Tennessee court entered a liquidation order converting the conservatorship proceeding into a liquidation proceeding. This order stated that the basis of the Tennessee court's jurisdiction was section 56-9-402 of the Tennessee Code. This statute authorizes the commissioner to apply for an order directing the commissioner to liquidate the "assets found in this state [Tennessee]" of a foreign or alien insurer not domiciled in Tennessee. tenn.Code Ann. § 56-9-402 (1994). This order authorized liquidation of the business, continued the injunctive relief, and authorized the conservator to act through appellant, Jeanne Barnes Bryant.

The trial court awarded the interpleaded funds to USI by summary judgment and denied the liquidator's motion to dismiss or stay and the liquidator's motion for reconsideration of the trial court's denial of the motion to dismiss or stay. The liquidator appeals the trial court's denial of these motions and its summary judgment awarding the funds to USI.

ANALYSIS

The liquidator raises two points of error. First, she contends the trial court erred in failing to dismiss or stay the lawsuit on three bases:
  1) there was no basis for the bank's intervention;
  2) there was no basis for the interpleader; and
  3) the Tennessee court had exclusive jurisdiction over any proceedings and the court failed to give full faith and credit or comity to its ongoing proceedings.

She next contends that the trial court erred in granting summary judgment for USI.

Failure to Dismiss or Stay the Lawsuit

The trial court properly denied the liquidator's motion to dismiss or stay the lawsuit because the court had jurisdiction over the proceedings, the liquidator waived any complaint about the bank's intervention, and the bank's interpleading all claims to the disputed funds was proper.

*The Bank's Plea in Intervention*

[1][2][3] The liquidator's first basis for complaining of the trial court's failure to dismiss or stay the lawsuit is that the bank was not a proper intervenor. However, the liquidator has waived any right to complain of the bank's intervention because she failed to file a motion to strike and obtain a ruling. Rule 60 of the Texas Rules of Civil Procedure states, "Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any

party." tex.R. Civ. P. 60. Accordingly, anyone pleading for intervention need not obtain the court's approval to intervene. *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex.1990). Unless a party opposing an intervention obtains an order striking the plea in intervention, anyone may intervene as a matter of right. *Id; Schwartz v. Taheny*, 846 S.W.2d 621, 622 (Tex.App.--Houston [14th Dist.] 1993, writ denied).

The liquidator argues that she properly challenged the bank's intervention through her plea to the jurisdiction, her answer, and her motion to dismiss or stay. She asserts the bank was not a proper intervenor because the bank had no legal or equitable interests and unnecessarily complicated the pending case. *See Horseshoe*, 793 S.W.2d at 657. However, the liquidator waived the right to complain by not moving to strike the intervention. *Delley v. Unknown Stockholders of Brotherly & Sisterly Club of Christ, Inc.*, 509 S.W.2d 709, 717 (Tex.Civ.App.--Tyler 1974, writ ref'd n.r.e.); *Hughes v. \*296 Hughes*, 473 S.W.2d 304, 306-07 (Tex.Civ.App.--Beaumont 1971), *rev'd on other grounds sub nom., Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972). Without a party's motion to strike the plea in intervention, it would have been an abuse of discretion for the trial court to strike the bank's plea in intervention. *See Horseshoe*, 793 S.W.2d at 657.

No party to the lawsuit challenged the bank's right to intervene; therefore, the bank's intervention was a matter of right, and we need not determine whether the bank had any interest in the litigation or whether its intervention unnecessarily complicated the lawsuit. We hold that the liquidator's right to complain of the bank's intervention has been waived.

*Appropriateness of the Interpleader Action*

The liquidator next complains there was no basis for an interpleader so the trial court should have granted her motion to dismiss or stay the lawsuit. However, we find an interpleader action was proper in these circumstances.

[4][5] Under rule 43 of the Texas Rules of Civil Procedure, a stakeholder subject to multiple claims to a fund or property may join all claimants in a lawsuit and deposit the property or fund into the court's registry. tex.R. Civ. P. 43. An interpleading party is entitled to interpleader relief if 1) the party is either subject to, or has reasonable grounds to anticipate, rival claims to the same fund or property; 2) the party has not unreasonably delayed filing an action for interpleader; and 3) the party has unconditionally tendered the fund or property into the court's registry. *Olmos v. Pecan Grove Mun. Utility Dist.*, 857 S.W.2d 734, 741 (Tex.App.--Houston [14th Dist.] 1993, no writ); *Savings & Profit Sharing Fund of Sears Employees v. Stubbs*, 734 S.W.2d 76, 79 (Tex.App.--Austin 1987, no writ); *see McFarland v. Franklin Life Ins.*, 416 S.W.2d 378, 379 (Tex.1967). Furthermore, any reasonable doubt about a stakeholder's right to interpleader must be resolved in the stakeholder's favor. *Citizens Nat'l Bank of Emporia, Kan. v. Socony Mobil Oil*, 372 S.W.2d 718, 722 (Tex.Civ.App.--Amarillo 1963, writ ref'd n.r.e.); *Luse v. Union City Transfer*, 324 S.W.2d 935 (Tex.Civ.App.--Waco 1959, writ dism'd).

[6] In the present case, the bank held funds in various accounts. USI holds a judgment awarding it all of MacGregor's assets and contends that MacGregor's assets were transferred from MacGregor accounts to others without proper authorization. Also, Shields, Britton &

Fraser asserted a claim to be paid from these funds. At least some accounts at issue were styled as "Anchorage" or "Anchorage/MacGregor." The liquidator asserts in her pleadings that USI has no claim to these funds. Additionally, the record shows that the liquidator's attorney stated repeatedly that the funds are the property of Anchorage. We are not of the opinion that the funds at issue are Anchorage's simply because the liquidator repeatedly asserts that they are. It is plain that the bank had a reasonable basis to anticipate rival claims to the funds. Further, the bank's intervention and interpleader were timely, and it unconditionally paid the fund into the court's registry. The bank was protecting itself against multiple liability for payment of the same fund.

[7][8] Granting a party's right to interpleader is within the discretion of the trial court. *Barnett v. Woodland*, 310 S.W.2d 644, 647 (Tex.Civ.App.--Austin 1958, writ ref'd n.r.e.). In the present case, we have no record other than the court order ordering payment of funds into the court's registry. Absent a statement of facts, we must indulge every presumption in favor of the trial court's findings. *Commercial Credit Corp. v. Smith*, 143 Tex. 612, 616, 187 S.W.2d 363, 365 (1945). Thus, we must assume there were sufficient facts to support the trial court's ruling. We assume the trial court found the interpleader appropriate in these circumstances or it would not have ordered the funds paid into the registry.

We hold that the bank's action in interpleader was proper.

*Subject Matter Jurisdiction*
[9] Next, the liquidator complains that the trial court should have granted her motion *297 to stay or dismiss the lawsuit because the Tennessee liquidation court had exclusive jurisdiction over this matter. We hold that the court had quasi in rem jurisdiction over these funds that are presently in the court's registry and that previously were in a bank in Hurst, Texas.

[10][11][12] In an interpleader action, the stakeholder deposits the funds into the court and the court determines who is entitled to these funds. *Williams v. Simon*, 235 S.W. 257, 259 (Tex.Civ.App.--Austin 1921, writ dism'd).
The court has jurisdiction to determine who is entitled to these funds because they are in its physical possession. *Gibson v. Nat'l Life & Accident Ins.*, 294 S.W. 923, 925 (Tex.Civ.App.--Dallas 1927), *aff'd*, 1 S.W.2d 583 (Tex. Comm'n App.1928, judgm't adopted); *see Knox v. Quinn*, 164 S.W.2d 580, 581 (Tex.Civ.App.--Austin 1942, no writ).
Here, the bank did not seek any personal or affirmative relief from the liquidator. It simply sought protection from multiple exposure or liability. The liquidator was notified of the interpleader filing and could choose whether to pursue its claim to the funds. An interpleader action is generally considered to be a *quasi in rem* proceeding. Jurisdiction of the property is regarded as sufficient to give the court authority to determine title, but not to render a personal judgment. *Gibson*, 294 S.W. at 925; *see Knox*, 164 S.W.2d at 581. The trial court had proper quasi in rem jurisdiction and could proceed to determine ownership of the funds in the court's registry.

The liquidator further argues the trial court should give full faith and credit or comity to the orders of the Tennessee liquidation court and that these orders confer exclusive jurisdiction on the

Tennessee court. But the Tennessee proceedings are entitled to full faith and credit only if the Tennessee court had jurisdiction. *Underwriters Nat'l Assurance Co. v. North Carolina Life & Accident & Health Ins. Guar. Assoc.,* 455 U.S. 691, 704, 102 S.Ct. 1357, 1366, 71 L.Ed.2d 558, 570 (1982); *Maxfield v. Terry,* 885 S.W.2d 216, 218 (Tex.App.--Dallas 1994, writ denied). In *Underwriters National Assurance,* the U.S. Supreme Court stated:

> It is axiomatic that a judgment must be supported by a proper showing of jurisdiction over the subject matter and over the relevant parties. One State's refusal to enforce a judgment rendered in another State when the judgment is void for lack of jurisdiction merely gives to that judgment the same "credit, validity and effect" that it would receive in a court of the rendering State.

*Underwriters Nat'l Assurance,* 455 U.S. at 704 n. 10, 102 S.Ct. at 1366 n. 10, 71 L.Ed.2d at 570 n. 10.

[13] The record shows that the Tennessee court expressly relied on section 56-9-402 of the Tennessee Insurance Code for subject matter jurisdiction. *See* tenn.Code. Ann. § 56-9-402 (1994). It recited no other basis for jurisdiction. This is a statute providing subject matter jurisdiction for liquidation of the assets of an alien insurer not domiciled in Tennessee. *Id.* The record further shows that the Tennessee court found expressly that Anchorage was an alien insurer not domiciled in Tennessee. The plain language of this statute provides jurisdiction only for assets found in Tennessee. "If no domiciliary receiver has been appointed, the commissioner may apply to the chancery court of Davidson County by verified petition for an order directing the commissioner to liquidate the assets found *in this state* of a foreign insurer or an alien insurer not domiciled in this state...." *Id.* (emphasis added).

[14][15] Strict adherence to the statute is jurisdictional. Conservatorship and liquidation proceedings in Tennessee are governed by chapter 9 of title 56 of the Tennessee Code. tenn.Code Ann. § 56-9 (1994). Section 56-9-104(b) provides:

> No court of this state has jurisdiction to entertain, hear or determine any complaint praying for the dissolution, liquidation, rehabilitation, sequestration, conservation or receivership of any insurer, or praying for an injunction or restraining order or other relief preliminary to, incidental to or relating to such proceedings other than in accordance with this chapter.

tenn.Code Ann. § 56-9-104(b) (1994). Thus, a Tennessee court has no jurisdiction *298 to give a liquidator any power or authority except as expressly provided by the statute. Therefore, the Tennessee court exceeded its statutory jurisdiction when it ordered liquidation of assets outside Tennessee. We need not give full faith and credit to an order that shows on its face that it was entered in excess of the jurisdiction granted to the court by the statute under which the court purported to act.

The liquidator further argues that a recent Dallas Court of Appeals decision, *Bryant v. Shields, Britton & Fraser,* 930 S.W.2d 836 (Tex.App.--Dallas, n.w.h.), a related case, determines this jurisdictional argument. Dallas Court of Appeals decisions are not binding on this court, but if they were, this decision is easily distinguished from the present case. In the Dallas decision, Shields, Britton & Fraser sued Anchorage on a sworn account for attorneys' fees. No other parties were involved; there was

no intervention in an existing lawsuit; there was no question of in rem or quasi in rem jurisdiction over particular assets; and there was no dispute about ownership of particular assets. It was simply a claim against the undisputed assets of Anchorage. In the present case, no such claims were made against Anchorage. USI contested whether the interpleaded funds were ever those of Anchorage. We do not find the Dallas decision dispositive of any issue in the present case.

Thus, the intervention and interpleader were proper and the court had quasi in rem jurisdiction. The trial court's denial of the liquidator's motion to stay or dismiss was proper. We overrule point of error one.

### Summary Judgment

In her second point of error, the liquidator contends the trial court erred in granting summary judgment to USI. Because we find the liquidator's pleadings and summary judgment evidence sufficient to raise a fact issue regarding ownership of the funds interpleaded, we agree.

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *See* tex.R. Civ. P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301-02 (Tex.1990), and all doubts about the existence of a genuine issue of a material fact are resolved against the movant. *Cate*, 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.*, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.*, 391 S.W.2d at 47.

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *City of Houston*, 589 S.W.2d at 678.

[16][17] In the present case, USI contends the liquidator raised no affirmative claim to the interpleaded funds and no other party raised a claim to the funds; thus, USI was entitled to judgment as a matter of law. But the record plainly shows the liquidator amended her answer to the bank's plea in intervention (the plea that brought the liquidator into the lawsuit) seven days before the summary judgment hearing to claim the funds as property of Anchorage: "[T]he money in the registry of the Court is and has at all relevant times been the property of Anchorage Fire & Casualty Insurance Company, for which Anchorage Fire & Casualty Insurance Company *makes claim.*"

[Emphasis added.] This pleading also shows she is liquidator of Anchorage Fire & Casualty Company. The liquidator also responded to **\*299** the USI motion for summary judgment by offering as summary judgment evidence excerpts from a bank employee's deposition indicating the bank regarded the funds as Anchorage property. Finally, summary judgment may not be based on any weakness of the nonmovant's pleading or proof unless it establishes the absence of a right of action or an insurmountable bar to recovery. *State v. Durham,* 860 S.W.2d 63, 68 (Tex.1993).

USI's motion for summary judgment was predicated solely on the fact that no other party had claimed the funds. It offered only the default judgment of USI against MacGregor and its attorney's affidavit that the judgment was true and correct as summary judgment evidence. USI did not reply to the liquidator's response or offer any additional summary judgment evidence.

The liquidator's pleadings and proof were sufficient to raise a fact issue about which party owns the funds in the court's registry. We hold that summary judgment for USI in these circumstances was improper. Point of error two is sustained.

CONCLUSION

Because the liquidator waived any challenge she had about the propriety of the bank's intervention, because the bank appropriately interpleaded all claimants to the disputed funds, and because the trial court had jurisdiction, we hold that the trial court's denial of the liquidator's motions to stay or dismiss the proceedings was proper and overrule point of error one. Because the liquidator's pleadings and proof were sufficient to raise a fact issue about the ownership of the funds in the court's registry, we find the trial court's summary judgment for USI was not proper and sustain point of error two. We reverse the judgment of the trial court and remand the case to the trial court.

984 S.W.2d 292

END OF DOCUMENT