KOBAYASHI, SUGITA & GODA

LEX R. SMITH                3485-0
lrs@ksglaw.com
CRAIG K. SHIKUMA            4018-0
cks@ksglaw.com
KENNETH M. NAKASONE         6942-0
kmn@ksglaw.com
999 Bishop Street, Suite 2600
Honolulu, Hawai`i 96813-3889
Tel:   (808) 539-8700
Fax:   (808) 539-8799

EDMUNDS &VERGA
Attorneys at Law, A Law Corporation

JOHN S. EDMUNDS             734-0
jedmunds@ev-law.com
RONALD J. VERGA             2638-0
rverga@ev-law.com
841 Bishop Street, Suite 2104
Honolulu, Hawai`i 96813
Tel:   (808) 524-2000
Fax:   (808) 528-3585

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MOKULEIA PRESERVATION PARTNERS, L.L.C.; MALANI, INC. and MOKULEIA POLO FARMS, L.L.C., <br><br> Plaintiffs, <br><br> vs. | ) CIVIL NO. 04-00283 REJ/BMK <br> ) <br> ) PLAINTIFFS' POST-HEARING <br> ) CITATION OF AUTHORITIES; <br> ) EXHIBITS A - C; DECLARATION <br> ) OF LEX SMITH, ESQ.; <br> ) CERTIFICATE OF SERVICE <br> ) |

| | |
|---|---|
| WESTERN UNITED LIFE ASSURANCE COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) |

## PLAINTIFFS' POST-HEARING CITATION OF AUTHORITIES

Plaintiffs, through their undersigned counsel, hereby respectfully submit the following supplemental citations to authorities concerning the oral argument held before this Honorable Court on April 28, 2006 in the above-captioned case:

(1) On the issue of whether Plaintiff Malani has pled a sufficient claim for rescission based on fraud by Metro and WULA, the Hawaii Supreme Court's decision in *Utsunomiya Enterprises v. Moomuku Country Club,* 75 Haw. 480, 866 P. 2d 951 (1994) expressly held that

> In determining the validity of a *lis pendens,* courts have generally restricted their review to the face of the complaint. *5303 Realty Corp. v. O & Y Equity Corp.,* 64 N.Y.2d 313, 320, 486 N.Y.S.2d 877, 882, 476 N.E.2d 276, 281 (1984); *Urez Corp. v. Superior Court,* 190 Cal.App.3d 1141, 1149, 235 Cal.Rptr. 837, 842 (1987). <u>Furthermore, these same jurisdictions hold that the likelihood of success on the merits is irrelevant to determining the validity of the lis pendens.</u> *5303 Realty Corp.,* 64 N.Y.2d at 320, 486 N.Y.S.2d at 881, 476 N.E.2d at 280; *Urez Corp.,* 190 Cal.App.3d at 1149, 235 Cal.Rptr. at 842 (citing proposition that expungement procedure is not a mini-trial on the merits of the

> underlying action). <u>We adopt the approach emplyed in 5303 Realty Corp. and Urez Corp.</u>

<u>Utsunomiya</u>, <u>supra</u>, at 75 Haw. at 505-6 (emphasis added)

As to the inherent power of this Court, sitting in diversity, to allow a <u>lis pendens</u> to remain on file under the facts of this case, *Utsunomiya, supra*, is again instructive. Quoting from *La Paglia,* 215 Cal.App.3d at 1326, 264 Cal.Rptr. at 66, *Utsunomiya* as follows:

> [T]he purpose of the doctrine was to assure that a court retained its ability to effect justice by preserving its power over the property, regardless of whether a purchaser had any notice of the pending suit. Courts and commentators acknowledged the doctrine's potentially harsh impact on innocent purchasers, <u>but they willingly accepted this as a necessary concomitant to preserving the judicial power.</u> *5303 Realty Corp.,* 64 N.Y.2d at 319, 486 N.Y.S.2d at 881, 476 N.E.2d at 280 (citations omitted); *accord Kaapu,* 72 Haw. at 269, 814 P.2d at 397 (" '[t]he purpose of the doctrine <u>is to provide the courts with control over property involved in actions pending before them</u>. ") (citation omitted). In this regard, the doctrine of *lis pendens* protected a plaintiff from having his or her claim to the property defeated by the subsequent alienation of the property to a bona fide purchaser during the course of the lawsuit. *See Kaapu,* 72 Haw. at 269, 814 P.2d at 397.

*Utsunomiya, supra*, at 75 Haw. At 508 (emphasis added).

(2) Regarding Plaintiffs' ability to sue WULA, as Metro's wholly-owned subsidiary, and as such, <u>not</u> a bona fide purchaser from Metro without notice, the following authorities are instructive:

>Dobbs, *Handbook on the Law of Remedies* § 9.6 (1975);
>
>77 AmJur 2d Vendor and Purchaser §§ 624, 627, 644.
>
>(A party acquiring property by fraud or misrepresentation obtains only voidable title. If a third party purchases the property (a) without notice, (b) in good faith, and (c) for value, he acquires good title. Absent a, b and c, the purchaser acquires no better title than his seller had, and the original owner may have rescission and recover the property from the purchaser.)

Here, of course, WULA, as a wholly-owned subsidiary of Metro, will be unjustly enriched by Metro's fraud if Plaintiffs are not entitled to rescind from WULA. As such, WULA is <u>not</u> a bona fide purchaser without notice and WULA's title to the property is voidable.

*Independent Coal & Coke Co. v. United States*, 274 U.S. 640, 647, 47 S.Ct. 714, 71 L.Ed. 1270 1927); *H.B. Stevens v. American Savings Institution, Inc.*, 289 Or. 349, 613 P.2d 1057 (1980),

>Also instructive are:
>
>*Independent Coal & Coke Co. v. United States*, 274 U.S. 640, 647, 47 S.Ct. 714, 71 L.Ed. 1270 1927) (a copy of which is attached hereto as Exhibit A);

*United States v. Parcel of Rumson*, N.J. Land, 507 U.S. 111 (1993) (a copy of which is attached hereto as Exhibit B); and

*H.B. Stevens v. American Savings Institution, Inc.*, 289 Or. 349, 613 P.2d 1057 (1980) (a copy of which is attached hereto as Exhibit C).

Also, Restatement 2d Trusts § 287 states that "If a trustee in breach of trust transfers trust property to a person who is not a bona fide purchaser and the transferee transfers the property to a bona fide purchaser, the latter takes the property free of the trust."

Similarly, Restatement 2d Trusts § 288 states that "If a trustee in breach of trust transfers trust property to a person who takes with notice of the breach of trust, the transferee does not hold the property free of the trust, although he paid value for the transfer."

(3)    Regarding the standard to be applied to defendant WULA's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6) (failure of the pleading to state a claim upon which relief can be granted), the United States Supreme Court held in *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, at 515 (2002), that even though "It may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." (citing *Scheur v. Rhodes*, 94 S. Ct. 1683, 416 U.S. 232, 40 L. Ed. 2d 90 (1974).

This, of course, merely supplements the well-settled rule that for purposes of a motion to dismiss, the complaint is construed in the light most favorable to plaintiff and its allegations are taken as true. And this rule applies whether the motion is made on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action. *Scheuer v. Rhodes, supra,* at 416 U.S. 237.

Dated: Honolulu, Hawaii, May 2, 2006.

/s/ *Lex R. Smith*
LEX R. SMITH
CRAIG K. SHIKUMA
KENNETH M. NAKASONE
JOHN S. EDMUNDS
RONALD J. VERGA

Attorneys for Plaintiffs